*Telephone & Telegraph Co. *v.* Shaw.

|102  313|
|110  479|

(*Jackson.*    April  19,  1899.)

1. **Charge of Court.** *Refusal to give special requests.*

Refusal to give requested instructions to the jury will not be re-viewed by this Court where the request was made before, and not renewed after, the general charge was delivered. (*Post, pp. 314, 315.*)

2. **Damages.** *Punitive allowed, when.*

Punitive damages for trespass by a telephone and telegraph company in cutting a tree may be recovered where the owner on the same day of and before the trespass warned the company's employes not to cut any trees on his premises, and they cut the tree in his absence and over the protest of his wife. (*Post, pp. 316–319.*)

Cases cited and approved: Tel. Co. *v.* Hunt, 16 Lea, 456; Tel. Co. *v.* Poston, 94 Tenn., 696.

3. **Same.** *Same.  General rule.*

Punitive damages are allowed where fraud, malice, gross neg-ligence, or oppression intervenes.  It is not essential that these facts shall appear by direct proof, but they may be in-ferred by the jury from the facts of the transaction. (*Post, p. 319.*)

Cases cited and approved: Cox *v.* Crumly, 5 Lea, 529; Railroad *v.* Garrett, 8 Lea, 439; Railroad *v.* Gaines, 11 Lea, 103; Johnson *v.* Perry, 2 Hum., 569; Bryan *v.* McGuire, 3 Head, 530.

4. **Evidence.** *Of pecuniary ability admissible, when.*

When there is any ground or reason for punitive damages, the

*The measure of damages for injury to or destruction of trees is the subject of annotation to *Bailey* v. *Chicago, M. & St. P. R. R. Co.* (S. D.), 19 L. R. A., 653.— Reporter.

Telephone & Telegraph Co. *v.* Shaw.

pecuniary ability of the wrongdoer may be given in evidence. (*Post, pp. 317, 318.*)

Cases cited and approved: Dush *v.* Fitzhugh, 2 Lea, 307; Railroad *v.* Gaines, 11 Lea, 103.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. J. S. GALLOWAY, J.

WM. M. FARRINGTON for Telephone & Telegraph Co.

TURLEY & WRIGHT for Shaw.

McFARLAND, Sp. J. This is a suit for the wrongful cutting, by the Cumberland Telephone & Telegraph Company, of a tree belonging to plaintiff in error, B. A. Shaw. The action was begun before a Justice of the Peace to answer B. A. Shaw in a plea of damages under $500. There was judgment before the Justice for $5; appeal to Circuit Court, trial before jury, and verdict for $7.50; appeal to this Court, and assignment of errors. These assignments of error are five in number. Four of these are as to errors in the refusal of the trial Judge to give specific instructions as requested. As to these the record shows that the request for these specific instructions was made before the Judge had given his charge to the jury, and the request was not resumed after the Judge had charged the jury.

Under the established rule of this Court it will not reverse in such cases, even though the special charges asked were in themselves proper to have been given, for, if the attorney does not, after hearing the charge so given, renew his request for special instructions, he is presumed to have considered the general charge as sufficient, and deemed it unimportant to his client's interest that the special charges previously asked be given. For this reason these four assignments of error must be overruled.

The first assignment of error is this: "The Judge erred in sustaining objections to questions propounded to Mr. Foster Hume, superintendent of the Memphis department of defendant in error's company, tending to show its ability to pay punitive damages." Upon this point the record shows that while Mr. Hume was being examined by plaintiff's attorney he asked his questions as to capital, business, etc., of the defendant company, "tending to show their ability to pay punitive damages," all of which were ruled out by the Court, whereupon plaintiff's counsel excepted upon the grounds that he was entitled to prove such facts to enable the jury to estimate punitive or exemplary damages, if they thought such were proper. The special charges requested by plaintiff and refused by the Court were mainly upon the question of punitive damages, but as we have decided these cannot be now considered, the only remaining question, therefore, is, Were sufficient facts

proved by the plaintiff to allow these questions of punitive or exemplary damages to go to the jury?

The facts of the case upon this point were these: The plaintiff, Dr. B. A. Shaw, an old gentleman, eighty years of age, lives, with his wife, on Hernando Road, some ten miles from Memphis. As he was driving out of his yard on February 9, 1898, on his way to Memphis, he noticed a gang of four or five linemen at work stringing wires on the telephone poles of defendant company; that the same gang of men had worked the day before on part of his premises, and had cut several limbs and branches off of his trees, and on passing them he stopped and said to them that he did not want them to cut any more of his trees. They said they would not, and he continued on his way to Memphis. On his return in the evening he learned, and upon examination saw, that a large, healthy gum tree had been cut down, which tree was upon his property, and near by was a newly-erected telephone pole of defendant, which could not have been erected as it then was had the tree been left standing. Another witness testified that Mr. Hume, superintendent, admitted that his men had cut the tree.

There was other evidence tending to show that during the plaintiff's absence these employes of defendant company had begun to cut the tree, and were forbidden to do so by Mrs. Shaw, through a servant, but they paid no heed to the command.

We cannot distinguish this case, in its material

facts of trespass without permission and under positive prohibition, with some actual damage, from the case of *Memphis Telephone Co.* v. *Hunt*, 16. Lea, 456, and *Cumberland Tel. & Tel. Co.* v. *Poston*, 10 Pickle, 696. In the first of these cases, under supposed license from the city, the telephone company went upon the land of Mrs. Hunt at night, after being prohibited from doing so by her, and cut some limbs from a shade tree, and there was a verdict for $250. Though the record in that case does not show whether any part of this $250 was given as punitive damages, the verdict was permitted to stand for this amount, while it does not appear the actual damage amounted to this sum. In the Poston case some limbs were cut from ornamental shade trees in Poston's yard without permission, though the superintendent thought he had permission. There was evidence admitted in this case in regard to the pecuniary ability of the defendant company. The jury was charged that if the cutting was done fraudulently, oppressively, or with gross negligence, they might, in their discretion, give punitive damages. This Court says: "We think there was sufficient proof of gross negligence and wantonness to justify the admission of evidence with a view to punitive damages, if the jury should decide it to be a proper case for damages. . . . When there is any ground or reason for punitive damages, the pecuniary ability of the wrongdoer may be given in evidence." *Dush* v. *Fitzhugh*, 2 Lea, 307; *Railroad* v. *Gaines*, 11

Lea, 103; Sedgwick on Damages, Sec. 385; Suth-
erland on Damages, Sec. 744.

Other authorities hold that where fraud, malice,
gross negligence, or oppression, intervenes, the law
blends the interest of society and of the aggrieved in-
dividual and gives damages such as will operate as
an example or warning to the parties or others to
deter them from similar transactions. *Cox* v. *Crumly*,
5 Lea, 529; *Railroad* v. *Garrett*, 8 Lea, 439; *Rail-
road* v. *Gaines*, 11 Lea, 103.

There need not be positive proof of malice or
oppression if the transactions or the facts shown in
connection therewith fairly imply its existence, and
it is left to the jury to look at all the circum-
stances in order to see whether there was anything
in the conduct of the defendant to aggravate the
damages. *Johnson* v. *Perry*, 2 Hum., 569; *Bryan*
v. *McGuire*, 3 Head, 530.

Applying these principles to the facts of the
case now under consideration, we find that all the
essential facts of both the Hunt and Poston case,
upon which liability was predicated, are found in
this case. Here there was prohibition against the
trespass and the commission of the trespass in the
absence of the owner. Here the employes knew
that the owner was absent, and this absence was
taken advantage of just as in the Hunt case, the
only difference being that in the last case the tres-
pass was committed in the night. Here there was
positive prohibition against doing the act, while in

Telephone & Telegraph Co. *v.* Shaw.

the Poston case there was only gross negligence in not getting permission from the true owner. While this is not a case for more than small punitive damages, if any are given in their discretion, by the jury, we are of opinion that it was a case where the Court should have permitted evidence to go to the jury as to the pecuniary ability of the defendant.

It is suggested, however, that this is a small case, with only $7.50 verdict and judgment; that it is the policy of the law that there should be an end to litigation, with even the doctrine of "*de minimis non curat lex*" invoked. It is sufficient reply to these suggestions to say that it is the boast of the common law that the lowest shall have its benefits as well as the highest feel its power, and that consistency must characterize the administration of the law lest error creep into the State. The case is reversed and remanded for new trial under proper instructions.