**Gaylen L. ROBISON, Appellant (Defendant below),**

v.

**SALES AND USE TAX DIVISION, STATE TAX COMMISSION, State of Wyoming, Appellee (Plaintiff below).**

**No. 4334.**

Supreme Court of Wyoming.

July 1, 1974.

Gaylen L. Robison, pro se.

James D. Douglass, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and McCLINTOCK, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

The Sales and Use Tax Division of the State Tax Commission filed complaint against defendant, Gaylen L. Robison, seeking judgment for delinquent sales tax, penalty, and interest, and to enjoin his operation of any business for which a sales tax license is required until he complied with the Selective Sales Tax Act.[1] Mr. Robison appeared pro se, filed a motion to quash, and thereafter filed many motions. After several of these had been denied he filed a motion for change of judge which was granted. No answer was ever filed. Approximately a year following the filing of the complaint and after entry of default, plaintiff applied for a judgment by default under the provisions of Rule 55(b)(2), W.R.C.P., and served notice of the application on the defendant, who appeared thereafter at the hearing set by the trial judge. The court found defendant had not shown substantial justification for his failure to answer nor presented basis which would require, in the interest of justice, additional time for an answer; entered a default judgment for the amount claimed; and enjoined defendant from operating or continuing any business in the State for which a sales tax license was required until there should be compliance with the Selective Sales Tax Act.

Defendant appeals, filing a voluminous brief, raising numerous issues, none of which can be considered here if the plaintiff is correct in its response that: No appeal lies in the case at bar since the judgment by default in the district court has not been challenged, nor has the appellant moved to set the judgment aside, thus his rights to participate in the litigation are terminated.

One of the early pronouncements on the subject was that of Chancellor Kent in Gelston v. Hoyt, 13 Johns. 566, 577, cited in Walter v. Keuthe, 98 N.J.L. 823, 121 A. 624, 625, wherein it was pointed out that to permit a litigant who had never presented his question to the trial court to come to the supreme court for determination would in effect bypass the trial court and force

---

1. Amended complaint was filed later; but other than the amount claimed due, there were no material changes.

the supreme court to exercise its original jurisdiction in such case, which would be disruptive of the entire intention of the constitution.

Wyoming indicated its views generally in State ex rel. Bank of Chadron v. District Court of Weston County, 5 Wyo. 227, 39 P. 749, 752, when the supreme court denied a writ of prohibition because the applicant had not sought to vacate or modify the judgment below in accordance with statutory provisions. At the present time, Rules 55(c) and 60(b), W.R.C.P., provide a clear method for setting aside a default for good cause. Arizona, which has also adopted the Federal rules and whose provisions are identical to those in Wyoming, has held it to be well settled that an appeal may not be taken from a default judgment without there first having been presented a motion to the lower court for relief. Industrial Commission of Arizona v. Parise, 13 Ariz.App. 522, 478 P.2d 137, 138; Byrer v. A. B. Robbs Trust Company, 105 Ariz. 457, 466 P.2d 751, 752. The general rule is well stated in 9 Moore, Federal Practice, § 203.06, p. 720 (2 ed.).

Although every consideration is given by the Wyoming courts to persons who for one reason or the other undertake to represent themselves, such persons would be well advised to present their claims clearly and directly to the court and not to engage in the filing of motions, special appearances, and the like, which require some knowledge of rules and court procedure.

Affirmed.