**U.S. AVIATION, INC., a Wyoming corporation, d/b/a AIR U.S., Appellant (Defendant),**

v.

**WYOMING AVIONICS, INC., a Wyoming corporation, Appellee (Plaintiff).**

**No. 5845.**

Supreme Court of Wyoming.

June 3, 1983.

Patricia M. Baird of Williams, Porter, Day & Neville, P.C., Casper, and Donald Marturano of Lee & Marturano, P.C., Englewood, Colo., signed the brief on behalf of appellant. Ms. Baird appeared in oral argument.

Ronald A. Kastanek, Casper, signed the brief and appeared in oral argument on behalf of appellee.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE, and BROWN, JJ.

RAPER, Justice.

Wyoming Avionics, Inc. (appellee), a Wyoming corporation, brought suit against U.S. Aviation, Inc. (appellant), a Wyoming corporation, for payment of past due accounts. A default judgment was entered in favor of appellee when appellant failed to file an answer. Appellant moved to set the default judgment aside and to quash any orders issued thereunder. The district court denied the motion. It is from the district court's order denying appellant's motion that appellant appeals. The issues on appeal are:

I. "Should the district court have set aside the default judgment of appellee for failure to give the 3-day notice before entering default as required by Rule 55(b), W.R.C.P. when appellee knew that appellant was represented and intended to defend?"

II. "Did the district court err in failing to set aside the default judgment for mistake, inadvertence, surprise, or excusable neglect inasmuch as appellant had no actual notice of the lawsuit, and substitute service was utilized, and appellant relied on the representation of appellee's counsel that he would respond to appellant's telephone contacts?"

III. "If the district court was correct in denying the motion to set aside the default judgment for the above reasons should the default judgment have been vacated under the court's broad remedial power pursuant to Rule 60(b)(6) 'for any other reason justifying relief from the operation of the judgment', given the facts of substitute service, no actual notice and the misconduct of appellee's counsel?"

We will affirm.

On August 27, 1982, appellee filed a complaint against appellant in the district court alleging that over the preceding sixteen months appellee, at appellant's request, had performed services and supplied materials for which it had not been paid. Although appellant made sporadic payments on the account during that time, appellee claimed appellant owed $19,853.73 on the account when suit was brought. Appellee alleged that, in the face of demands for payment, no payments on the account had been received from appellant since May 25, 1982.

On August 27, 1982, a summons was issued for service on appellant's registered agent for service located in Fremont County, Wyoming. The summons was returned

unserved by the Fremont County Sheriff with the notation that "[a]fter due & diligent search," appellant's agent for service could not be found in Fremont County. Thereafter appellee sent a copy of the summons and complaint to the Secretary of State as agent for the defendant. Section 17–1–111(b), W.S.1977, infra fn. 3. The Secretary of State advised appellee that she was unable to locate appellant, a Wyoming corporation, at its last known address.

Appellant stipulated that it had failed to maintain a registered agent for service of process in Wyoming since 1978. Appellant further stipulated that it had not had a corporate office in Wyoming since 1978 when it moved its offices to Denver, Colorado.

At appellee's request, the clerk of court then entered default against appellant for failure to file an answer. Rule 55(a), W.R. C.P.[1] A default judgment was thereafter entered by the district judge on October 25, 1982, in favor of appellee and against appellant for $19,853.73 plus interest.

On November 8, 1982, appellant made its first appearance in the case and filed a motion to set aside the default judgment for the reasons that: (1) the judgment was void for lack of proper service; (2) appellant had no actual notice until a garnishment order was served on its Wyoming bank account; (3) appellant's Colorado attorney had not been notified despite the fact that his existence was well known to appellee; and (4) appellant had several unspecified meritorious defenses to appellee's complaint. That same day, appellant moved to quash execution on the default judgment and any orders and summons issued thereunder.

After a hearing, the district judge, on November 11, 1982, entered an order denying appellant's motions. In the order the district court found: (1) it had jurisdiction to act in the matter since service upon appellant had been proper; (2) the default

judgment had been properly entered and was valid and enforceable; and (3) appellant had failed to show good cause for setting aside the default judgment in accordance with Rules 55(c) and 60(b), W.R.C.P.

This appeal followed.

## I

■ In its first argument, appellant urges that Rule 55(b)(2), W.R.C.P., required that it be given written notice three days prior to the hearing on appellee's application for a default judgment. Rule 55(b)(2) provides in pertinent part:

"(b) Judgment by default may be entered as follows:

\*　　\*　　\*　　\*　　\*　　\*

"(2) By the Court.—In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, guardian ad litem, trustee, or other such representative who has appeared therein. *If the party against whom a judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.* \* \* \* " (Emphasis added.)

The rule clearly provides that the three-day notice requirement is triggered when "the party against whom a judgment by default is sought has appeared in the action." It is undisputed that the three-day notice was not given. The query then is whether appellant made an appearance. An appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court. *Cockrell v. World's Finest Chocolate Co., Inc.,* Ala., 349 So.2d 1117 (1977) (construing Rule 55(b)(2)).

1. Rule 55(a), W.R.C.P., provides:

"(a) *Entry.*—When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provid-

ed by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."

 Appellant failed to allege or argue this position before the district court in its motion to set aside the default judgment. It is aired for the first time in this court. As a general rule of appellate procedure, we refuse to consider issues not raised in the trial court unless they go to jurisdiction or a fundamental right. *ABC Builders, Inc. v. Phillips,* Wyo., 632 P.2d 925 (1981). Because appellant failed to raise a Rule 55(b)(2) claim in the district court, we will consider it waived and not consider it. *Bell v. West,* W.Va., 284 S.E.2d 885 (1981); *United States v. $22,640.00 in United States Currency,* 615 F.2d 356 (5th Cir.1980) (decided on similar Rule 55(b)(2), F.R.C.P.); see also, *Robison v. Sales and Use Tax Div., State Tax Comm'n,* Wyo., 524 P.2d 82 (1974).

## II

Appellant's motion to set aside the default judgment was grounded in Rule 55(c), W.R.C.P., which allows the district court to set aside a default judgment for good cause shown in accordance with Rule 60(b), W.R.C.P., which provides in pertinent part:

"On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: *(1) mistake, inadvertence, surprise, or excusable neglect * * *.* The motion shall be made within one (1) year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. * * * " (Emphasis added.)

Appellant argues that because it had received no actual notice of the proceedings against it, it was entitled to relief from the default judgment under Rule 60(b)(1). Appellant contends that the district court committed reversible error when it denied its motion to set aside the default judgment.

As noted earlier, appellant was a Wyoming corporation when the suit was filed. Appellee served notice of the suit on appellant in accordance with Rule 4(d)(4), W.R.C.P.[2], and the corporation laws of the state.[3]

2. Rule 4(d), W.R.C.P., provides in pertinent part:
 "(d) *Personal service.*—The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
 * * * * * *
 "(4) Upon a corporation, by delivery of copies to any officer, manager, general agent, or agent for process. If no such officer, manager or agent can be found in the county in which the action is brought such copies may be delivered to any agent or employee found in such county. If such delivery be to a person other than an officer, manager, general agent or agent for process, the clerk, at least 20 days before default is entered, shall mail copies to the corporation by registered mail, with return receipt requested, at its last known address."

3. The relevant statutes are §§ 17–1–109, 17–1–111, and 17–1–613, W.S.1977. Section 17–1–109 provides in pertinent part:
 "(a) Each corporation shall have and continuously maintain in this state:
 "(i) A registered office which may be, but need not be, the same as its place of business;
 "(ii) A registered agent, which agent may be either an individual resident in this state whose business office is identical with such registered office, or a domestic corporation, or a foreign corporation authorized to transact business in this state, having a business office identical with such registered office."
 Section 17–1–111 provides in pertinent part:
 "(a) The registered agent so appointed by a corporation shall be an agent of such corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served.
 "(b) Whenever a corporation shall fail to appoint or maintain a registered agent in this state, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the secretary of state shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the secretary of state of any such process, notice, or demand shall be made by delivering to and leaving with him, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice or demand. In the event any such process, notice or demand is served on the secretary of state, he shall immediately cause one (1) of the copies thereof to be forwarded by registered mail addressed to the corporation at its registered office. Any service so had on the secretary of state shall be returnable in not less than thirty (30) days."
 Section 17–1–613 provides in pertinent part:

Appellant does not question the manner in which appellee served notice of the suit. Appellant's claim is that despite the fact that service of notice was proper, it is nonetheless entitled to its requested relief because it was without actual notice of the suit until after the default judgment was entered.

In reviewing this question, we are cognizant of the language in Rule 55(c) which allows courts to set aside default judgments when good cause is shown together with the law that has developed around Rule 60(b)(1). Motions brought under Rules 55(c) and 60(b)(1) are addressed to the sound discretion of the court in which they are brought, and that court's decision will be reviewed only for an abuse of its discretion. *Atkins v. Household Finance Corp. of Casper,* Wyo., 581 P.2d 193 (1978); *Booth v. Magee Carpet Co.,* Wyo., 548 P.2d 1252 (1976). A Rule 60(b)(1) motion must be clearly substantiated by adequate proof; the burden is on the movant to bring himself within the rule. *Atkins v. Household Finance Corp. of Casper,* supra. An individual, in view of the foregoing, has no absolute right to have a default judgment set aside. *Booth v. Magee Carpet Co.,* supra.

Appellant acknowledges that it had failed to maintain either a registered office or a registered agent for service of process as required by our statutes, fn. 3 supra, yet it would have us say that the trial court abused its discretion in denying appellant's motion for lack of actual notice. We decline the invitation to do so.

From reading §§ 17–1–109, 17–1–111, and 17–1–613, supra fn. 3, together, it is clear that their ultimate purpose is to require Wyoming corporations doing business within the state to maintain an office with a registered agent within the state and the jurisdiction of its courts where summons can be served and upon whom

such service can be made. See, *Badger Dome Oil Co. v. Hallam,* 99 F.2d 293 (8th Cir.1938). Pursuant to § 17–1–111, service in this case was properly made on the Secretary of State when it was determined that appellant, in violation of the corporation laws, had failed to maintain both a registered office and a registered agent.

We turn down the proposition that we should hold that the trial court abused its discretion in refusing to set aside this default judgment. The statutes clearly do not condone appellant's behavior with regard to maintaining a registered office and a registered agent. To hold that the trial court abused its discretion in refusing to mitigate the effect of that behavior would be inappropriate under all the circumstances present. Statutes should not be construed to be meaningless. *Haddenham v. City of Laramie,* Wyo., 648 P.2d 551 (1982). We would be stretching reality to the breaking point to find mistake, inadvertence, surprise, or excusable neglect.

Appellant contends that appellee's attorney, as well as appellee, obviously knew appellant's Colorado address since appellant and appellee had been doing business with each other for some time. Appellant contends that appellee's attorney was in contact with appellant's attorney after the complaint was filed and before the default judgment was entered but failed to mention the suit. Appellant argues that appellee's attorney should have provided appellant with actual notice of the suit. The record does not bear out appellant's contention. From an affidavit made by appellant's attorney, the record reflects that the only contact between the two attorneys occurred before the complaint was filed. A conversation with an attorney under those circumstances does not constitute an appearance under the rule, *Ryan v. Collins,* Ky., 481 S.W.2d 85 (1972), when made before the action is even filed. An appearance contemplates a pending action.

"If any corporation has failed for thirty (30) days to appoint and maintain a registered agent in this state, or has failed for thirty (30) days after change of its registered office or registered agent to file in the office of the secretary of state a statement of such change, it shall be deemed to be transacting business within this state without authority, and to have forfeited any franchises, rights or privileges acquired under the laws thereof, and such forfeiture shall be made effective in the following manner. * * *"

As the trial court noted, and as appellant acknowledges, notice of the action was properly served in accordance with law by appellee. No procedural rules were violated by appellee. In view of this discussion and the discussion of appellant's questionable behavior in disregarding the law, we are unable to find, on any basis, that the trial court abused its discretion when it denied appellant's Rule 60(b)(1) motion.

In addition, appellant can hardly be said to have met its burden in showing good cause for granting its sought-after relief. Before granting a Rule 55(c) motion, the court generally requires the party in default to demonstrate a meritorious defense to the action as a prerequisite to vacating the default judgment. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2697 at 525 (1983), and *Gifford v. Casper Neon Sign Co., Inc.,* Wyo., 639 P.2d 1385 (1982). The assertion, without supporting facts, that meritorious defenses to the original claim exist is not sufficient to meet that burden. *Gomes v. Williams,* 420 F.2d 1364 (10th Cir.1970). Appellant failed to present more than a bald conclusion that it had meritorious defenses in its request for relief. The trial court had no factual basis to find good cause for setting aside the default judgment.

### III

In its final issue, appellant asks that this court hold, in the alternative, that it was reversible error for the trial court to refuse to vacate the default judgment under the broad remedial power in Rule 60(b)(6), W.R. C.P. That rule provides:

"On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (6) *any other reason justifying relief from the operation of the judgment.* The motion shall be made within one (1) year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. * * * " (Emphasis added.)

Again, as in the previous issue, our review is limited to the question of whether the trial court abused its discretion since the granting of relief pursuant to Rule 60(b)(6) is left to the sound discretion of the trial court. *McBride v. McBride,* Wyo., 598 P.2d 814 (1979).

Appellant argues that the purpose of Rule 60(b)(6) is to provide courts with the power to vacate judgments whenever such action is appropriate to accomplish justice. We can find no fault with that characterization of the rule's purpose since it follows the generally accepted view. See, 10 Wright, Miller & Kane, supra, § 2695 at 510 (discussing a somewhat similar Rule 60(b), F.R.C.P., and citing *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949)). However, appellant fails to do more than assert that the default judgment should have been vacated in the interest of justice. In the absence of some cogent argument supported by pertinent authority, and in view of our holding in the previous issue, we will not decide the question presented in this issue. *Reno Livestock Corp. v. Sun Oil Co. (Delaware),* Wyo., 638 P.2d 147 (1981).

Affirmed.