Trevor ADEL, Appellant (Defendant),

v.

Vannis PARKHURST and Dale Parkhurst, Appellees (Plaintiffs).

No. 83–102.

Supreme Court of Wyoming.

May 17, 1984.

Rehearing Denied June 8, 1984.

Franklin D. Bayless and Charles J. Szlenker, Trierweiler, Bayless, Barrett & McCartney, Cheyenne, for appellant.

John R. Hursh and Holly Brown, Central Wyoming Law Associates, P.C., Riverton, for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

THOMAS, Justice.

In deciding this case we must revisit the essentials of proof of punitive damages, in this instance in the context of a default judgment. We also must answer a question about our jurisdiction to review the judgment in the absence of a motion to set aside the default judgment in accordance with Rule 55(c), W.R.C.P., and a motion for relief from the judgment pursuant to Rule 60(b), W.R.C.P. The district court approved the entry of default made in accordance with Rule 55(a), W.R.C.P., and, after denying a Motion to Vacate Entry of Default, held a hearing on damages which was conducted pursuant to Rule 55(b)(2), W.R.C.P. The court then entered judgment for the plaintiffs (appellees in this court) in which they were awarded actual damages in the amount of $1,514.26 and punitive damages in the amount of $50,000. We affirm the default judgment, modifying the award of liquidated damages, but we reverse the award of punitive damages.

In his brief the appellant summarizes his arguments as follows:

"I. WHETHER THE AWARD OF PUNITIVE DAMAGES HEREIN CAN BE SUSTAINED AS PROPER UNDER WYOMING LAW.

"II. WHETHER THE AWARD OF PUNITIVE DAMAGES HEREIN IS EXCESSIVE IN LAW.

"III. WHETHER THE COURT OUGHT TO VACATE A DEFAULT JUDGMENT RENDERED AGAINST A *PRO SE* DEFENDANT FOR FAILURE TO ANSWER WITHIN THE TIME MANDATED BY THE RULES BEFORE HE HAS SECURED COUNSEL."

The appellees' summary of their arguments in opposition is stated in their brief in this way:

"I. THERE CAN BE NO APPEAL FROM A DEFAULT JUDGMENT UNLESS THE APPELLANT FIRST MOVES THE TRIAL COURT TO SET ASIDE THE JUDGMENT UNDER RULE 55(c) AND RULE 60(b), W.R.C.P.

"II. THE TRIAL COURT PROPERLY AWARDED PUNITIVE DAMAGES.

"III. THE TRIAL COURT'S AWARD OF PUNITIVE DAMAGES WAS NOT EXCESSIVE.

"IV. THE TRIAL COURT PROPERLY DENIED DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT."

Adel was first introduced to the appellee Vannis Parkhurst in Riverton in 1981 by a mutual acquaintance. The mutual acquaintance suggested that the Parkhursts use Adel's services in connection with the preparation of their federal income tax returns because he was a really sharp consultant. The Parkhursts operate an automobile parts store in Riverton. A consultation did occur later in 1981 in Riverton between the Parkhursts and Adel which resulted in the preparation of an amended tax return for Dale Parkhurst for the calendar year 1980. The Parkhursts then decided to have Adel, a certified public accountant practicing in Maryland, prepare their tax returns for the year 1981. In February of 1982 the appropriate records to permit him to prepare the 1981 federal income tax returns were sent by the Parkhursts to Adel in Maryland. Adel never did complete these returns. When the Parkhursts expressed concern about the due date with respect to the filing of their returns an extension for filing was obtained by Adel. He also obtained a subsequent extension, but when the returns were not forthcoming as that deadline approached, Vannis Parkhurst traveled to Maryland and picked up the supporting documents for the preparation of tax returns. Ultimately they were prepared by an accountant practicing in the Riverton area who testified that he was able to accomplish them in a day's time. Because of the late payments due to the extensions, the Parkhursts had to pay penalties and interest on the balances of their federal taxes for 1981. The interest and penalties paid amounted to $875.38 for Vannis Parkhurst and $659.11 for Dale Parkhurst.

Approximately two months after the filing of the federal income tax returns for 1981 the plaintiffs instituted this action. They sought recovery upon theories of negligence, breach of contract, and misrepresentation. They asserted as actual damages the penalties and interest which each had to pay; Vannis Parkhurst's expenses for the trip to Maryland ($686.57); lost sales and wages; and the cost of telephone calls to Adel ($59.95). In addition each sought exemplary damages in the amount of $250,000.

Initially Adel appeared pro se, entered a special appearance, and moved to dismiss for lack of personal jurisdiction over him, claiming that the action was brought in Wyoming based only upon a single telephone call. The district court responded to that motion by entering an ex parte order dismissing the action. The Parkhursts then moved to set aside the order entered by the court and advised the court by affidavit of events within the State of Wyoming which were more than sufficient under our law to justify personal jurisdiction over Adel. See *Markby v. St. Anthony Hospital Systems*, Wyo., 647 P.2d 1068 (1982). The district court then set aside its order dismissing the action and ordered that Adel's answer should be filed "not later than noon Friday, February 25, 1983." Adel responded by a motion for stay of proceedings and reconsideration of order, again asserting his position that there was no justification for personal jurisdiction because of the isolated nature of his contacts with Wyoming. No action was taken by the court upon this pleading, and after the expiration of the court's deadline for Adel's answer the Parkhursts moved for entry of default which the clerk of the district court did enter. Adel then obtained Wyoming counsel who filed an answer and a motion to vacate entry of default. In the meantime the district court had set the matter for hearing on damages. Ultimately the court denied the motion to vacate the entry of default and conducted the hearing on damages. Following that hearing the court entered its judgment awarding actual damages to the Parkhursts of $1,514.26 and $50,000 in punitive damages. Adel has taken his appeal from that judgment.

The Parkhursts contend that this court is foreclosed from a review of the default judgment and must affirm the judgment entered because Adel did not seek relief pursuant to Rule 55(c) and Rule 60(b), W.R.C.P. The rules relied upon provide as follows:

"Rule 55. Default.

\* \* \* \* \* \*

"(c) *Setting aside default*—For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered may likewise set aside in accordance with Rule 60(b)."

"Rule 60. Relief from judgment or order.

\* \* \* \* \* \*

"(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.*—On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within one (1) year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding as provided in sections 3–3801 [§ 1–16–401], 3–3805 [repealed, § 1, ch. 188, Laws 1977], and 3–3810 [§ 1–16–408], W.C.S. 1945, or to grant relief to a party against whom a judgment or order has been rendered without other service than by publication as provided in section 3–3802 [§ 1–16–402], as amended. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

The Parkhursts rely upon the holding of this court in *Robison v. Sales and Use Tax Division, State Tax Commission,* Wyo., 524 P.2d 82 (1974), and the discussion of the failure to urge a position in connection with a motion to set aside a default judgment found in *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* Wyo., 664 P.2d 121 (1983). We agree with the general contention of nonreviewability of a default judgment entered in accordance with the provisions of Rule 55, W.R.C.P., in the absence of an appropriate motion for relief pursuant to Rule 60(b), W.R.C.P. In the absence of such a motion there is nothing before the district court which would suggest to it in any way that the default judgment was not entered in accordance with law. Even when an appropriate motion for such relief is filed the district court is called upon to exercise its discretion. In the absence of an adequate showing of a meritorious defense presented to the district court in connection with an appropriate motion for relief, the policy of attaching finality to judgments entered in accordance with proper procedure would control and there could be found no abuse of discretion. *Gifford v. Casper Neon Sign Co., Inc.,* Wyo., 639 P.2d 1385 (1982). In this instance Adel did file a Motion to Vacate Entry of Default and an Answer at the same time. The motion did not justify relief for any of the grounds found in Rule 60(b), W.R.C.P., and did not otherwise manifest good cause in accordance with Rule 55(c), W.R.C.P. Furthermore, the answer did not articulate a meritorious defense other than by concluso-

ry allegations which were not in any manner verified.

◼ We therefore apply the provisions of Rule 55(b)(2), W.R.C.P., which reads as follows:

"(b) *Judgment* —Judgment by default may be entered as follows:

\* \* \* \* \* \*

"(2) By the Court.—In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, guardian ad litem, trustee, or other such representative who has appeared therein. If the party has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper, and shall accord a right of trial by jury to the parties when and as required by any statute."

The Arizona Court of Appeals, upon which this court relied in deciding *Robison v. Sales and Use Tax Division, State Tax Commission*, supra, has said:

"A default is a judicial admission of the plaintiff's right to recover, though not of the amount of the recovery when the claim is unliquidated. *Reed v. Frey*, 10 Ariz.App. 292, 458 P.2d 386 (1969); 6 Moore's Federal Practice, § 55.07; 49 C.J.S. Judgments § 201c; 10 Wright & Miller, Federal Practice and Procedure, § 2688." *Southern Arizona School for Boys, Inc., v. Chery*, 119 Ariz. 277, 580 P.2d 738, 743 (1978).

The items of liquidated damages pleaded in the complaint are:

| | |
|---|---|
| I.R.S. penalties and interest expense for Vannis Parkhurst | $875.38 |
| I.R.S. penalties and interest expense for Dale Parkhurst | 659.11 |
| Expenses incurred for trip to Maryland by Vannis Parkhurst | 686.57 |
| Telephone calls by Vannis Parkhurst to Adel | 50.95 |
| | $2,272.01 |

The district court assessed compensatory damages for the appellees in the amount of only $1514.26. Because our examination of the record and our application of the appropriate rule with respect to liquidated damages discloses that this amount should be $2272.01, we affirm the default judgment for compensatory damages but order that it be modified to reflect the correct amount. *Robert W. Anderson Housewrecking and Excavating, Inc., v. Board of Trustees, School District No. 25, Fremont County, Wyoming*, Wyo., 681 P.2d 1326 (1984); *Burk v. Burzynski*, Wyo., 672 P.2d 419 (1983); *Albin Elevator v. Pavlica*, Wyo., 649 P.2d 187 (1982); and *Douglas Reservoirs Water Users Association v. Cross*, Wyo., 569 P.2d 1280 (1977).

◼ We have a different result with respect to the punitive damages. Beginning with *Cosgriff Brothers v. Miller*, 10 Wyo. 190, 68 P. 206, 98 Am.St.Rep. 977 (1902), and continuing through *Cates v. Eddy*, Wyo., 669 P.2d 912 (1983), this court has recognized that punitive damages are an implement of public policy. It is not the purpose of punitive damages to compensate the plaintiff; instead punitive damages are awarded as a punishment to the defendant and with the purpose of deterring others from such conduct in the future. See also *Sears v. Summit, Inc.*, Wyo., 616 P.2d 765 (1980); *Danculovich v. Brown*, Wyo., 593 P.2d 187 (1979); *Combined Insurance of America v. Sinclair*, Wyo., 584 P.2d 1034 (1978); *Town of Jackson v. Shaw*, Wyo., 569 P.2d 1246 (1977); *Petsch v. Florom*, Wyo., 538 P.2d 1011 (1975); *Condict v. Hewitt*, Wyo., 369 P.2d 278 (1962); and *Hall Oil Co. v. Barquin*, 33 Wyo. 92, 237 P. 255 (1925). The Parkhursts rely upon an asserted rule that well pleaded factual

allegations in a complaint are taken as true in instances in which a default judgment is entered. *Zweifel v. State ex rel. Brimmer*, Wyo., 517 P.2d 493 (1974); and 10 Wright, Miller and Kane, Federal Practice and Procedure, § 2688, p. 444 (1983). The Parkhursts contend that the allegations in their complaint support the award of punitive damages by the court in opposition to Adel's contentions that the punitive damages in this instance were not properly awarded because the record does not establish misconduct which would justify punitive damages and the damages awarded do not bear a reasonable proportion to the amount of the actual damages.

The proposition relied upon by the Parkhursts is not an appropriate method for the implementation of public policy. Consistently with the purposes of punishment and deterrence this court has identified the factors justifying an award of punitive damages as:

"(a) the financial condition or wealth of the defendant;

"(b) the activity of the defendant causing the harm; and

"(c) the nature and extent of the injury suffered." *Cates v. Eddy*, supra, at 921 (1983)

and

" * * * the nature of the tort; the amount of the actual damages; and the wealth of the defendant. * * *" *Sears v. Summit, Inc.*, supra, at 772.

These factors are substantially the same, and in both instances one factor which must be considered is the financial condition or wealth of the defendant. To the same effect are *Town of Jackson v. Shaw*, supra; *Hall Oil Co. v. Barquin*, supra; and *McIntosh v. Wales*, 21 Wyo. 397, 134 P. 274 (1913). This court has even required a bifurcated trial for the purpose of establishing the factor of wealth or financial condition so that it would not have an impact upon a jury's consideration of liability. *Cates v. Eddy*, supra; *Condict v. Condict*, Wyo., 664 P.2d 131 (1983); and *Campen v. Stone*, Wyo., 635 P.2d 1121 (1981).

In this case the court proceeded to hold a hearing with respect to damages in accordance with Rule 55(b)(2), W.R.C.P., which states:

"* * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper, and shall accord a right of trial by jury to the parties when and as required by any statute."

As a product of that hearing the court concluded that the Parkhursts were not entitled to damages for the claimed lost sales and wages included in their complaint. The court did, however, award punitive damages in the amount of $50,000, taking pains to advise this court by a statement on the record that "it doesn't even shock the conscience of this Court [the district court] even a tiny bit." See *Town of Jackson v. Shaw*, supra.

 We pause to note that the Parkhursts did not provide the written notice of their application for judgment three days prior to the hearing on their application as provided in Rule 55(b)(2), W.R.C.P., although at that juncture there was ample appearance by Adel. Adel does not complain of this failure to furnish notice in accordance with the rule, and since he did appear by counsel at and participate in the hearing no prejudice could be asserted. Nevertheless the due process implications of the failure to give notice under the circumstances (*Gomes v. Williams*, 420 F.2d 1364 (10th Cir.1970)) serve to distinguish the punitive damage award from the usual situation in which review of a default judgment is eschewed in the absence of a motion for relief under Rule 60(b), W.R.C.P. The justification for denying review set forth in *Robison v. Sales and Use Tax Division, State Tax Commission*, supra, is not controlling when a hearing is conducted by the court, pursuant to a notice required by our rules, and, even though in default, a

party appears and participates. Under those circumstances the contentions of the party are made known to the district court, and if an erroneous disposition then follows review should be and is available.

■ Despite our language in *Sears v. Summit, Inc.,* supra, at 772, in which we said:

"It is proper to introduce evidence of a defendant's wealth when punitive damages are requested. And while this court has never held that such proof is mandatory [citation], we believe that evidence of a defendant's wealth should be introduced when punitive damages are requested * * *,"

We now hold that in the absence of evidence of a defendant's wealth or financial condition an award of punitive damages cannot be sustained. The Parkhursts argue that this should not be a fatal error in view of the default which Adel permitted. The burden, however, is upon those seeking more than mere nominal damages to prove their damages. *Albin Elevator Company v. Pavlica,* Wyo., 649 P.2d 187 (1982); *Downing v. Stiles,* Wyo., 635 P.2d 808 (1981); and *National Bank of Lovell v. Moncur,* Wyo., 624 P.2d 765 (1981). The requirement of Rule 55(b)(2), W.R.C.P., of a hearing with respect to damages which are not liquidated is consistent with the rule of those cases. The default permitted by a defendant does not concede the amount demanded for unliquidated damages. *Pope v. United States,* 323 U.S. 1, 65 S.Ct. 16, 102 Ct.Cl. 846, 89 L.Ed. 3 (1944), and other cases cited in 10 Wright, Miller and Kane, Federal Practice and Procedure, § 2688, p. 450, n. 20 (1983). In our view this rule must include punitive damages. Indeed the public policy nature of the award places in question the jurisdiction of the district court to award relief in the form of punitive damages in the absence of proof of the wealth or financial condition of the defendant. See *State v. District Court,* 33 Wyo. 281, 238 P. 545 (1925). A failure of foundational proof places the entry of a judgment for punitive damages beyond the power or authority of the court. *Purington v. Sound West,* 173 Mont. 106, 566 P.2d 795 (1977).

The case is reversed as to the award of punitive damages. It is affirmed with respect to the default judgment for liquidated damages, but it is remanded to the district court for the purpose of correcting the judgment to award $2,272.01 to the Parkhursts.