Harvey B. ANNIS, an individual, Murray C. Watson, Jr., an individual, and Michael H. Cotton, an individual, Appellants (Defendants),

v.

BEEBE & RUNYAN FURNITURE COMPANY, a Nebraska corporation, Appellee (Plaintiff).

No. 83–258.

Supreme Court of Wyoming.

Aug. 3, 1984.

Donald R. Winship of Donald R. Winship & Associates, P.C., Casper, for appellants.

Donn J. McCall and J. Kenneth Barbe of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

This case is an appeal from a default judgment entered against appellants-defendants in favor of appellee-plaintiff Beebe & Runyan Furniture Company. The default judgment was granted pursuant to Rule 55(b)(2), W.R.C.P., for defendants'

failure to plead or otherwise defend against the complaint filed by plaintiff.

We affirm.

The complaint was filed against defendants on February 4, 1983, and they were served on February 8 and February 13, 1983. The complaint alleged, in general, that defendants were doing business as partners or as joint adventurers under the firm name of Prairie West Furniture; that Robert Alshouse, acting with actual, implied or apparent authority of Prairie West Furniture, ordered certain furniture from plaintiff for Prairie West Furniture and executed a sales contract and security agreement; that payment for said furniture was past due and defendants were personally liable therefor. Defendants filed a request for extension of time in which to answer the complaint on March 2, 1983, but never did answer the complaint. A request for entry of default and an entry of default were filed by plaintiff on March 31, 1983. Defendants responded with a motion to dismiss on August 18, 1983, and on August 22, 1983, the date of the hearing on the application for default judgment, defendants filed a counterclaim for damages.

Defendants then filed a premature notice of appeal on September 13, 1983. On November 15, 1983, the judgment was filed, awarding judgment in favor of plaintiff in the amount of $28,193.97 plus interest from the date of judgment, for failure of each of the defendants "to properly answer and plead in this action."

The question appellants raise on appeal is as follows:

"DID THE COURT BELOW ABUSE ITS DISCRETION AND ERR IN THESE CIRCUMSTANCES BY DENYING APPELLANTS AN OPPORTUNITY TO HAVE THIS CASE DETERMINED ON ITS MERIT?"

However, the dispositive issue is raised by appellee, to-wit: "WHETHER APPELLANTS SHOULD HAVE FILED A RULE 60(b) MOTION IN THE DISTRICT COURT PRIOR TO FILING THIS APPEAL." To that question we must answer yes.

This proposition is most succinctly set out in *Robison v. Sales and Use Tax Division, State Tax Commission*, Wyo., 524 P.2d 82, 83 (1974). In that case, a default judgment was entered against defendant for failure to answer. Defendant appealed. We stated there that Rules 55(c) and 60(b), W.R.C.P., provide a clear method for setting aside a default for good cause. It is "well settled that an appeal may not be taken from a default judgment without there first having been presented a motion to the lower court for relief." Id. at 83. See also *Wyoming Insurance Department v. Sierra Life Insurance Company*, Wyo., 599 P.2d 1360, 1362 (1979); *Dexter v. O'Neal*, Wyo., 649 P.2d 680 (1982); *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.*, Wyo., 664 P.2d 121 (1983). The denial of a motion pursuant to Rule 60(b), W.R.C.P., is appealable. However, it is also to be noted that proceeding under said rule is not to be considered a substitute for an appeal. *McBride v. McBride*, Wyo., 598 P.2d 814, 816 (1979).

Appellants state in their brief:

"Should not the Court below have treated the Appellants' papers filed within a few days following the mailing of Appellee's Application for Entry of Default Judgment as opposing such application, and upon such consideration, consider invoking Rule 55(c), W.R.C.P. for the setting aside of an administrative default? * * *"

Here, appellants filed a request for extension of time on March 2, 1983, but did nothing else until the day before the original date for hearing on the application for default. (The hearing was originally set for August 19, and was rescheduled by the district court for August 22, 1983.) Even were we to treat appellants' motion to dismiss and counterclaim for damages as a motion to set aside default pursuant to Rules 55(c) or 60(b), we would be constrained to uphold the actions of the district judge. The granting or denial of a Rule 60(b) motion lies within the sound discretion of the judge before whom such

motion is brought; we will not disturb this ruling on appeal absent a clear abuse of that discretion. *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* supra; *Atkins v. Household Finance Corporation of Casper, Wyoming,* Wyo., 581 P.2d 193 (1978); *Booth v. Magee Carpet Company,* Wyo., 548 P.2d 1252 (1976). Further, the burden is upon the movant to bring himself within the rule, i.e. to show good cause for setting aside a default. *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* supra; *Atkins v. Household Finance Corporation of Casper, Wyoming,* supra. The movant has no absolute right to have a default judgment set aside. *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* supra; *Booth v. Magee Carpet Company,* supra. Our review of the denial of such a motion involves a determination of whether the court below was clearly wrong. *Atkins v. Household Finance Corporation of Casper, Wyoming,* supra; *Turnbough v. Campbell County Memorial Hospital,* Wyo., 499 P.2d 595 (1972).

The record in this case simply does not substantiate a determination that the judge abused his discretion in refusing to set aside the default judgment. Appellants requested an additional twenty days to answer, but then failed to file any other papers, or in any other way defend against the action for five months. They have shown nothing in the record to explain this failure to plead, and their allegation of a meritorious defense does not alter the fact that they have failed to show a good excuse for their failure to answer, and thus failed to carry their burden of proof before the trial court.

We must at this point again quote from *Robison v. Sales and Use Tax Division, State Tax Commission,* supra, 524 P.2d at 83:

"Although every consideration is given by the Wyoming courts to persons who for one reason or the other undertake to represent themselves, such persons would be well advised to present their claims clearly and directly to the court and not to engage in the filing of mo-

tions, special appearances, and the like, which require some knowledge of rules and court procedure."

This court has consistently refused to give special consideration to a litigant who chooses to proceed without counsel; he must expect and receive the same treatment as if he were represented by an attorney. *Matter of G.P.,* Wyo., 679 P.2d 976, 984 (1984); *Johnson v. Aetna Casualty and Surety Company of Hartford, Connecticut,* Wyo., 630 P.2d 514, 517 (1981), cert. denied 454 U.S. 1118, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981), reh. denied 455 U.S. 1039, 102 S.Ct. 1743, 72 L.Ed.2d 157 (1982). Thus, he is held to the same rules of procedure as are required of those qualified to practice law in our courts; otherwise, ignorance is unjustly rewarded. *Matter of G.P.,* supra.

Affirmed.