**Frances ANDERSON, Appellant,**

v.

**LATHAM TRUCKING CO., Appellee.**

Supreme Court of Tennessee,
at Knoxville.

April 13, 1987.

Sidney R. Seals, Sexton, Sexton, Beaty & Seals, Oneida, for appellant.

Thomas I. Carlton, Jr., Richard L. Colbert, Cornelius & Collins, Nashville, for amicus curiae Sofco Erectors, Inc.

W. Edward Parrott, Poore, Cox, Baker, Ray & Byrne, Knoxville, for appellee.

Jerry H. Summers, Thomas L. Wyatt, Summers & McCrea, P.C., Chattanooga, for amicus curiae.

## OPINION

FONES, Justice.

We limited the grant of plaintiff's Rule Eleven application to the issue of whether evidence of a defendant's financial condition is necessary or essential to sustain an award of punitive damages.

On 27 November 1983, plaintiff was preparing to move her disabled vehicle from the shoulder of Highway 27 in Scott County, Tennessee. Although plaintiff's automobile was completely outside the white line demarking the outer edge of the highway, a tractor-trailer, which was passing another vehicle, struck plaintiff's car. Plaintiff suffered personal injuries and incurred $3500 in medical expenses. The tractor-trailer that hit plaintiff's car did not stop.

The jury rendered a verdict in favor of plaintiff for $100,000 in compensatory damages, $75,000 in punitive damages, and $825 for her demolished vehicle. The trial judge suggested a remittitur of the compensatory damages to $20,000 and the punitive damages to $7,500; the property damage judgment was not altered. Plaintiff accepted the suggested remittiturs under protest and appealed.

The Court of Appeals affirmed the trial judge's grant of remittiturs of compensatory and punitive damages. With respect to compensatory damages the intermediate court pointed to evidence upon which the trial judge could have concluded that plaintiff had grossly exaggerated her injuries. The reason given by the Court of Appeals for its approval of the reduction in punitive damages was that there was no evidence in the record of the financial condition of defendant Latham Trucking Company; and

citing *Breault v. Friedli*, 610 S.W.2d 134 (Tenn.App.1980), it held that "in the absence of such proof a substantial judgment for punitive damages may not be sustained."

*Breault* was a Rule Nine discretionary appeal wherein the principal issue was whether plaintiff could compel pre-trial discovery of defendant's financial condition on the basis that the complaint alleged a cause of action for punitive damages. As background for consideration of that issue, the Court of Appeals said:

> Evidence concerning the financial condition of the defendant is essential in determining the amount of punitive damages.

610 S.W.2d at 136.

In *Coppinger Color Lab, Inc. v. Nixon*, 698 S.W.2d 72 (Tenn.1985), that identical sentence appears as part of a quote from 9 Tenn.Jur. *Damages* § 34, pp. 68, 69. That quote was followed by the statement that the evidence merely indicated that Nixon was a man of considerable wealth but that his net worth was not clearly shown.

It has been the rule in this State since before the turn of the century that evidence of the financial status of a defendant, or the defendants, is one of the factors that *may* be considered in assessing punitive damages. *Cumberland Telephone & Telegraph Co. v. Shaw*, 102 Tenn. 313, 52 S.W. 163 (1899); *Herstein v. Kemker*, 19 Tenn.App. 681, 94 S.W.2d 76 (1936); *Suzore v. Rutherford*, 35 Tenn.App. 678, 251 S.W.2d 129 (1952); *Odom v. Gray*, 508 S.W.2d 526 (Tenn.1974).

In *Odom v. Gray, supra*, there were six defendants in the trial court and evidence of the financial condition of only one defendant was adduced. On appeal, the defendants insisted that a joint judgment against all defendants could not stand because the financial status of only one defendant had been shown. This Court adopted the rule that a joint judgment for punitive damages against two or more defendants is permissible even though the financial condition of all defendants was not proven. 508 S.W.2d at 534. It would obviously be inconsistent with that rule to have a mandatory requirement that, in the case of a single defendant, it would be necessary that plaintiff prove the financial condition of defendant to sustain an award of punitive damages. Parenthetically, we are unable to find any authority for a difference in the rule where the punitive damages are "substantial."

■ It has never been the intention of this Court to depart or deviate from the principles that the rule adopted in *Odom* dictates. Thus, the plaintiff or the defendant, or defendants, *may* offer proof of the financial condition of a defendant, or any one or all of multiple defendants; but it is not essential or mandatory that the record contain any such evidence to sustain an award of punitive damages.

■ The Court of Appeals has examined the record and found evidence to justify the trial judge's action in suggesting a very substantial remittitur of compensatory damages. The plaintiff had the opportunity to have a new trial rather than accept the suggested remittiturs under protest and appeal but chose the latter. We approve the Court of Appeals' action in affirming the trial judge's remittitur of compensatory damages. The trial judge's remittitur of punitive damages was within a reasonable proportion of the reduction of the compensatory damages. Thus, we affirm the result reached by the Court of Appeals, although disagreeing with the reasons for its approval of the trial judge's reduction of punitive damages.

Affirmed and remanded to the trial court for enforcement of the judgment.

BROCK, C.J., HARBISON, J., and LADD, Special Justice, concur.

DROWOTA, J., dissents.

DROWOTA, Justice, dissenting.

As the author of *Breault v. Friedli*, 610 S.W.2d 134 (Tenn.App.1980), I would like to reiterate and expand upon what Justice Fones has articulated about *Breault* in the majority opinion. In *Breault*, the issue raised on the Rule 9 Interlocutory Appeal was whether defendants may be compelled by means of discovery to answer questions

concerning personal assets, liabilities and financial status. The *Breault* court held "that a defendant's wealth in an action for punitive damages meets the test in Rule 26.02(1) [T.R.C.P.] of *relevancy* to the subject matter." [Emphasis added]. The defendants averred that this intrusion was unreasonable. In the context of the pre-trial discovery issue, the *Breault* court held that evidence of defendant's financial condition was essential and thus discoverable. It was not the court's intent in *Breault* to hold that it was mandatory to prove the financial condition of the defendants in order to sustain an award of punitive damages. As the *amicus curiae* brief points out, the language from *Breault* regarding the essentialness of proof of the defendant's financial condition in a punitive damage case is *dicta*. That was not the issue in *Breault*. The primary issue was whether defendant's financial condition was discoverable and the court held that it was.

As stated in *Breault*,

"under Tennessee law, a defendant's financial worth is only one factor in determining punitive damages.

In assessing the damages, the jury should take into consideration the attending circumstances. So, particular matters which are to be considered are the nature or character of the act, the malice or wantonness of the act, the motive for the act, the manner in which it was committed, the injury intended or likely to result from a disregard of duty, the character and extent of the injury, and, according to some cases, the character of the parties, at least the character of defend-

ant. In short, as a general rule, material matters to be considered in determining the amount are what will be a proper punishment for the offending person, and the deterrent effect of the award on others. *Suzore v. Rutherford*, 35 Tenn.App. 678, 251 S.W.2d 129, 131 (1952)."

610 S.W.2d at 138.

Having noted that the issue before us today was not addressed by the *Breault* court, I now take this opportunity to state that I believe evidence of a defendant's financial condition is *necessary* to sustain an award of punitive damages. Punitive damages are intended to punish the defendant for his wrongful conduct and to deter others from similar conduct in the future. In order to punish a defendant, I feel it is necessary to know the financial condition of that defendant. To permit an award of punitive damages without proof of a defendant's financial condition allows pure speculation on the part of a jury as to the amount of damages appropriate to punish a defendant. Four States have strongly urged that evidence of a defendant's financial condition be presented.[1]

This case is a prime example of why the financial condition of a defendant is necessary in order to properly assess punitive damages. The jury awarded plaintiff $75,000 in punitive damages against the defendant. The trial court reduced the jury's verdict by 90% to $7,500. The majority opinion has given no good reason why it has affirmed such a substantial reduction. This remittitur by the trial judge has totally destroyed the jury verdict and was not justified. *Foster v. Amcon International*,

---

1. *Adel v. Parkhurst*, 681 P.2d 886, 892 (Wyo. 1984), "in the absence of evidence of a defendant's wealth and financial condition an award of punitive damages cannot be sustained." *U.S. through Farmers Home Admin. v. Redland*, 695 P.2d 1031, 1040 (Wyo.1985), "an award of punitive damages cannot be here sustained because appellees did not satisfy their burden of presenting evidence of appellant's financial worth."

*Nelson v. Jacobsen*, 669 P.2d 1207, 1219 (Utah 1983), an award of punitive damages "could not be sustained because it was entered without adducing any evidence or making any findings of fact regarding defendant's net worth or income."

*Jos. Schlitz Brewing v. Central Bev. Co., Inc.*, 172 Ind.App. 81, 359 N.E.2d 566, 581 (1977), "To properly assess the award of punitive damages, we think such factors as size and earning capacity of the wrongdoer should properly be considered."

*McDonough v. Jorda*, 214 N.J.Super. 338, 519 A.2d 874, 879 (A.D.1986), "In assessing exemplary damages, a jury must take into consideration the wealth of the defendants. This is so because the theory behind punitive damages is to punish for the past event and to prevent future offenses, and the degree of punishment resulting from a judgment must be, to some extent, in proportion to the means of the guilty person."

*Inc.*, 621 S.W.2d 142 (Tenn.1981). Plaintiff should be granted a new trial on the issue of punitive damages.