A.C. HOCHHALTER and Ester R.
Hochhalter, Appellants
(Defendants),

v.

GREAT WESTERN ENTERPRISES,
INC., a Wyoming Corporation,
Appellee (Plaintiff).

No. 85–48.

Supreme Court of Wyoming.

Nov. 13, 1985.

Rehearing Denied Dec. 19, 1985.

John B. Rogers, Cheyenne, for appellants.

Frederick J. Harrison, Rawlins, for appellee.

Before THOMAS, C.J., ROSE,* ROONEY, BROWN and CARDINE, JJ.

ROSE, Justice.

This case involves the rendering of a judgment by default under Rule 55, W.R. C.P. Appellants contend that the district court abused its discretion in refusing to set aside the default judgment. They urge that the judgment should have been set aside pursuant to Rules 60(b)(6) and 55(b)(2), W.R.C.P.,[1] because the neglect of their counsel justified such relief and because they did not receive the notice required by Rule 55(b)(2). We hold that the trial court did not abuse its discretion in refusing to set aside the default judgment and that, under the facts of this case, appellants were not entitled to the notice contemplated by Rule 55(b)(2), for the reason that they had not appeared in the action.

We will affirm.

### FACTS

As part of the consideration for a motel purchased from Great Western Enterprises, Inc., A.C. Hochhalter and Ester Hochhalter executed a promissory note for $44,000. On April 13, 1984, Great Western filed suit in district court in Wyoming alleging that the Hochhalters had defaulted on this note. Although the Hochhalters were properly served on April 26, 1984, they did not answer the complaint. On July 11, 1984, the clerk of court filed an entry of default and on July 13, 1984 the district court entered a judgment by default due to the Hochhalters' failure to answer, otherwise plead, or appear.

No further action was taken until October 1, 1984, when the Hochhalters moved to set aside the entry of default and default judgment, which motion the court denied on January 4, 1985. The Hochhalters have appealed from this order.

As grounds for the claim that they were entitled to have their motion to set aside granted, the Hochhalters rely on the following uncontroverted evidence. When they received the complaint, the Hochhalters contacted Dean Grossenbach, their attorney in Colorado. From April through August 1984 the Hochhalters' attorney continued to assure them that he was actively and aggressively pursuing their defenses against Great Western. It turns out, however, that Grossenbach was not pursuing their interests in this litigation. The first indication that he was representing appellants' interests in this case came on May 29, 1984, when Grossenbach called Great Western's attorney and requested a ten-day extension of time within which to file the answer that was already overdue. Grossenbach also telephoned plaintiff's attorney sometime between May 29 and June 8 representing that the answer had mistakenly been sent to Pueblo, Colorado, but that it had been returned and was being delivered to the correct court. In fact, no answer was ever filed.

Despite receiving notice that a judgment by default had been entered against them on July 13, 1984, the Hochhalters continued to rely upon Grossenbach's assurances that he was representing them. The Hochhalters later realized that Grossenbach was not, in fact, representing their interests and, sometime in August or September, they decided to seek new counsel. Finally, on October 1, 1984, the Hochhalters' newly retained counsel filed a motion to set aside the default.

---

* Retired November 1, 1985.

1. Rule 60(b)(6), W.R.C.P., provides in relevant part:
    "(b) * * * On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * for the following reasons:
        *    *    *    *    *    *
    "(6) Any other reason justifying relief from the operation of the judgment."

Rule 55(b)(2), W.R.C.P., provides in relevant part:
    "* * * * If the party against whom a judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

In their motion to set aside the default, the Hochhalters argued that their failure to enter a formal appearance was due to the personal and psychological problems of Grossenbach. The Hochhalters also related that they had not received the three-day written notice of the application for default judgment as required by Rule 55(b)(2), supra n. 1. They urged that although no formal appearance had been made on their behalf, contacts between the parties had clearly demonstrated an intent to defend and they were therefore entitled to notice under Rule 55(b)(2).

Following a hearing on this motion, the district court found that the Hochhalters had been properly served and that the default judgment had been entered after the expiration of any extension and that there had not been any appearance entered either by the defendants or their counsel. The court also found that Grossenbach was grossly negligent in his representation of the Hochhalters. From these findings the court concluded:

"1. Neither the Defendants [n]or counsel for the Defendants appeared in the action, and the three (3) day notice provided for under W.R.C.P. 55(b) was not applicable.

\*    \*    \*    \*    \*    \*

"4. The Defendants have not substantiated by adequate proof that relief from the Judgment for mistake, inadvertence, surprise, or excusable neglect is appropriate pursuant to WRCP 60(b).

"5. The Court finds there to be no other reason for excuse for the judgment."

## ISSUES

Although worded differently, the Hochhalters (appellants) and Great Western (appellee) basically agree on the issues presented to this court. There are two.

1. Whether the court abused its discretion in refusing to set aside the default judgment under Rule 60(b), W.R.C.P.

2. Whether the appellants had appeared in the action and were thus entitled to the three-day written notice required by Rule 55(b)(2).

## SETTING ASIDE THE DEFAULT JUDGMENT

Before we discuss the positions of the parties in this case, it will be helpful to summarize some of our past holdings concerning Rule 60(b), supra n. 1.

" \* \* \* A motion under Rule 60(b), W.R. C.P. is addressed to the sound discretion of the court and must be clearly substantiated by adequate proof." *Atkins v. Household Finance Corporation of Casper, Wyoming,* Wyo., 581 P.2d 193, 195 (1978).

"Our review is limited to the question of whether the trial court abused its discretion" since the granting of relief under Rule 60(b)(6) is left to the court's discretion. *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* Wyo., 664 P.2d 121, 127 (1983). Finally, we have said:

" \* \* \* The rule applies to special situations justifying extraordinary relief, but a showing of such exceptional circumstances should be made. A reversal of an order denying relief under Rule 60(b) will be ordered only if the trial court was clearly wrong." *McBride v. McBride,* Wyo., 598 P.2d 814, 816 (1979).

With these rules in mind we address appellants' claims.

. Appellants contend that the neglect of counsel is a circumstance that we have recognized as justifying the setting aside of a default under Rule 60(b). Appellants argue that the trial court's finding of fact to the effect that their attorney was grossly negligent, together with their contention that the negligence "appears to have been as a result of personal problems or psychological disorders," justifies relief in this case. Although the Hochhalters concede that the denial of a Rule 60(b) motion lies within the sound discretion of the court, *Annis v. Beebe & Runyan Furniture Company,* Wyo., 685 P.2d 678 (1984), they urge that the trial court's discretion is not unbounded and that the provisions of Rule 60 are to be liberally construed. *Gifford v. Casper Neon Sign Co., Inc.,* Wyo., 639 P.2d 1385 (1982).

Appellee Great Western Enterprises, Inc. agrees that the personal problems or psychological disorders of an attorney which cause him to neglect a case may represent a circumstance justifying relief under Rule 60(b). See *Sanford v. Arjay Oil Company*, Wyo., 686 P.2d 566 (1984). However, it is Great Western's contention that appellants failed to produce evidence to establish that the Hochhalters' original attorney did in fact have such personal problems.

■ We agree that appellants did not produce sufficient evidence of attorney Grossenbach's alleged personal or psychological problems. The only evidence presented on this question was the affidavit of A.C. Hochhalter in which he stated that Mr. Grossenbach had separated from his wife and had relocated in Colorado Springs, Colorado, sometime between February 1, 1984, and August 1, 1984. This statement is certainly not sufficient for this court to conclude that the trial court abused its discretion when it refused to find that the personal problems or psychological infirmities of Mr. Grossenbach were sufficient to justify relief under Rule 60(b)(6).

In *Sanford v. Arjay Oil Company*, supra, we relied, in part, on *United States v. Cirami*, 563 F.2d 26 (2nd Cir.1977), for the proposition that personal problems of a party's attorney which cause him to neglect a case may justify relief under Rule 60(b)(6). In *United States v. Cirami* the court originally upheld the trial court's refusal to set aside the default judgment pursuant to Rule 60(b)(6) on the ground that the defaulted party had not produced evidence establishing why his attorney had failed to represent their interests. Only after affidavits were presented, from the attorney and others, which showed that the attorney was suffering from a mental disorder which manifested itself in his failure to complete work promised and that he was seeing a psychiatrist during the time in which judgment was entered, did the court of appeals hold that there was sufficient evidence for relief under Rule 60(b)(6).

As the above clearly shows, a party is not entitled to relief under Rule 60(b)(6) merely because he alleges that personal problems or psychological disorders of his attorney were the cause of his failure to formally appear in an action. The defaulted party must present sufficient evidence to support his claim. Here the only evidence which supports the Hochhalters' claim is an affidavit from A.C. Hochhalter in which he states that Grossenbach separated from his wife and relocated his practice sometime between February and August, 1984. These bare statements are insufficient to justify relief under Rule 60(b)(6), and we cannot hold that refusing to grant relief under the rule in reliance upon this scanty evidence is sufficient to constitute an abuse of discretion by the trial court.

This does not end our inquiry, however. We must determine whether the court's finding that attorney Grossenbach "was grossly negligent in his representation," while at the same time refusing to grant relief to the Hochhalters under Rule 60(b)(6) was an abuse of discretion. Such a finding does not necessarily mandate the setting aside of the default under Rule 60(b)(6), and we find no abuse of discretion in the trial court's failure to do so under the factual circumstances of this case.

Some courts have held that gross negligence by counsel constitutes a special circumstance and have accordingly granted relief under Rule 60(b)(6). *Jackson v. Beech*, 205 A.D.C. 84, 636 F.2d 831 (D.C. Cir.1980); *L.P. Steuart, Inc. v. Matthews*, 117 A.D.C. 279, 329 F.2d 234 (D.C.Cir.1964), cert. denied 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed. 35 (1964). Other courts have refused to grant relief under Rule 60(b)(6) due to counsel's gross negligence. *Schwarz v. United States*, 384 F.2d 833 (2nd Cir.1967). Professor Moore disagrees with the courts who have granted relief due to the attorney's "gross" negligence:

" * * * To hold, however, that as a general proposition the litigant is not responsible for his attorney's conduct of the case would be destructive of the entire

pattern of sanctions set forth in the Rules, and of course in the teeth of the decision in *Link* [infra]." 7 Moore Federal Practice ¶ 60.27[2] n. 45.

Professor Moore observes that the Supreme Court in *Link v. Wabash Railroad Company,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, reh. denied 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962), made it plain that the neglect of the attorney is to be treated as the neglect of the party.

In *Link v. Wabash Railroad Company,* Justice Harlan stated:

"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' [Citation.]" 370 U.S. at 633–634, 82 S.Ct. at 1390.

■ Although the question of the granting of relief under Rule 60(b)(6) was not directly before the court in *Link,*[2] we find the above statement to be applicable to Rule 60(b)(6) cases as well. We hold that a litigant is not necessarily entitled to relief under Rule 60(b)(6) solely because his counsel was grossly negligent. To hold otherwise would be inconsistent with holding each party "bound by the acts of his law-

yer-agent."[3] In view of this holding and the failure of appellants to produce sufficient evidence as to attorney Grossenbach's alleged personal problems or psychological disorders, we hold that the trial court did not abuse its discretion in refusing to grant relief under Rule 60(b).

## LACK OF NOTICE

The second issue for decision is whether the trial court abused its discretion in refusing to set aside the default judgment entered against appellants without the three-day notice required by Rule 55(b)(2). It is conceded that appellants did not receive the notice in question. Appellants contend that the default must be set aside because of this lack of notice, while appellee states that, since appellants had never appeared in the action, they were therefore not entitled to the notice contemplated by Rule 55(b)(2).

The following are the facts upon which appellants rely in urging their contention that they made an appearance for the purposes of Rule 55(b)(2). Attorney Grossenbach telephoned appellee's attorney three days after an answer was due and requested an extension. Sometime prior to June 8, 1984, Grossenbach told appellee's attorney's secretary that an answer had been filed even though it subsequently appeared that an answer had never been filed. Settlement negotiations with appellee's representatives had taken place some two months before the complaint had been filed.

We were confronted with the question of what constitutes an appearance under Rule 55(b)(2) in *Booth v. Magee Carpet Compa-*

---

**2.** In *Link,* the United States Supreme Court affirmed the dismissal of an action after the plaintiff's attorney failed to appear for a pretrial conference. The Court upheld the dismissal as within the trial court's authority to dismiss a plaintiff's action, because of his failure to prosecute, under Rule 41(b), F.R.C.P. The plaintiff never moved to set aside the default under Rule 60(b). 370 U.S. at 635–636, 82 S.Ct. at 1391.

**3.** At this point we note the response of the court in *Inryco, Inc. v. Metropolitan Engineering Company, Inc.,* 708 F.2d 1225, 1235 (7th Cir.1983),

cert. denied 464 U.S. 937, 104 S.Ct. 347, 78 L.Ed.2d 313, to the concern that a default judgment places the burden upon the innocent litigant:

"* * * The idea that a default judgment may penalize the innocent and let the guilty lawyer go free is tempered by the fairly common knowledge that a viable avenue for relief exists for truly deserving litigants. Just as with other professionals, a remedy for an attorney's professional negligence is a suit for malpractice."

*ny,* Wyo., 548 P.2d 1252 (1976). There the defendant's attorney telephoned the attorney for plaintiff after the answer was due and requested additional time in which to answer. The plaintiff's attorney did not grant this additional time, and instead he undertook to enter a default. The defendant therefore appealed to this court and raised the issue of whether he had made an appearance and was entitled to the three-day written notice under Rule 55(b)(2). Under those circumstances we held that the defendant had not made an appearance as contemplated by Rule 55(b)(2). Like the defendant in Booth, appellants here claim that the telephone call requesting an extension constituted an appearance. We cannot agree.

■ Appellants urge that a number of authorities support their contention that an appearance was made. In *Booth v. Magee Carpet Company,* we dismissed a number of the cases upon which appellants rely, as inapplicable to the situation in which a telephone call made after the answer was due, and which requested additional time, was claimed to have constituted an appearance.[4] 548 P.2d at 1254. We have considered the appellant's remaining authorities and have determined that those courts were also not confronted with the factual situation presented in both this case and *Booth.* There is no reason to depart from our holding in *Booth v. Magee Carpet Company* to the effect that the telephone call, described above, did not constitute an appearance for purposes of Rule 55(b)(2).

Although *Booth v. Magee Carpet Company* provides sufficient support for our holding that there was no appearance in this case, we note that other courts have held that there was no appearance when the party had done more than make a telephone call to its opponent's attorney. In *Rutland Transit Company v. Chicago Tunnel Terminal Company,* 233 F.2d 655 (7th Cir.1956), the court held that a number

of requests for delays in the entry of default did not constitute an appearance. In *Taylor v. Boston and Taunton Transportation Co.,* 720 F.2d 731, 733 (1st Cir.1983), the court held that merely informing the court that the attorney intended to file an answer did not constitute an appearance.

■ Appellants, however, rely upon more than Grossenbach's telephone calls to support their claim of an appearance. They also note that Grossenbach indicated that an answer had been drafted and that there had been settlement negotiations prior to the filing of the complaint. We fail to see how Grossenbach's statement that an answer had been sent to the court has any effect on whether there was an appearance when it is clear that no answer had ever been received by the court or appellee, and appellants do not contend that an answer was actually sent. Likewise, we do not believe that settlement discussions some two months before the complaint was even filed can constitute an appearance.

> "An appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court." *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* Wyo., supra, 664 P.2d at 124.

"An appearance contemplates a pending action." *Id.* at 126. Settlement discussions well before the complaint was filed do not constitute an appearance under Rule 55(b)(2).

Finally, we deal with appellants' contention that *Sanford v. Arjay Oil Company,* supra, compels the conclusion that an appearance was made in this case. In *Sanford,* we held that the trial court did not abuse its discretion in setting aside a default judgment when one of the justifications for doing so was that the notice provisions of Rule 55(b)(2) were not met. There we held that

---

4. *Booth v. Magee Carpet Company* held that the following cases were not applicable: *H.F. Livermore Corporation v. Aktiengesellschaft Gebruder Loepfe,* 139 A.D.C. 256, 432 F.2d 689 (D.C.Cir. 1970); *Dalminter, Inc. v. Jessie Edwards, Inc.,* 27 F.R.D. 491 (S.D.Tex.1961); and *Hutton v. Fisher,* 359 F.2d 913 (3rd Cir.1966).

" * * * [a] party will be deemed to have appeared * * * when contacts between the parties clearly demonstrate an intent to defend. [The defaulted party] manifested its intent to defend by filing responsive pleadings, engaging in extensive discovery and stipulating to Sanford's amended complaint." 686 P.2d at 571. While these actions amounted to contacts clearly demonstrating an intent to defend, a telephone call asking for an extension of time, along with settlement discussions before the complaint was ever filed, do not.

Our view of this case makes it unnecessary to determine whether appellants established a meritorious defense. *Booth v. Magee Carpet Company*, supra, 548 P.2d at 1255. "The movant must of course establish that his cause has merit but he must further come within the statutory scheme of Rule 60(b)." *United States v. Cirami*, 535 F.2d 736, 742 (2nd Cir.1976).

We find no abuse of discretion in refusing to grant relief from the default judgment.

Affirmed.