**Vecenta OROSCO and Candice Rae Orosco, Appellants (Plaintiffs),**

v.

**Gregory SCHABRON, Appellee (Defendant).**

No. 99–244.

Supreme Court of Wyoming.

July 27, 2000.

Representing Appellants: Carrie Hesco and E. James Burke of Burke, Woodard & O'Donnell, P.C., Cheyenne, Wyoming.

Representing Appellee: Kay Lynn Bestol of Sundahl, Powers, Kapp & Martin, Cheyenne, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

* Retired June 2, 2000.

THOMAS, Justice.

This case calls upon the Court to determine if the circumstances surrounding a shortfall in representation by counsel oblige a district court to accord relief, pursuant to W.R.C.P. 60(b), from a dismissal of an action with prejudice. Vecenta Orosco and Candice Orosco (the Oroscos) brought an action against Gregory Schabron (Schabron) to recover for personal injuries they sustained in an automobile collision. After efforts by Schabron to obtain discovery from the Oroscos, which elicited no response from counsel, Schabron sought and obtained an Order on Motion to Compel. That order warned the Oroscos of sanctions, including dismissal, if they did not "respond in full to Defendant's discovery requests by March 12, 1999[.]" The Oroscos did not respond, Schabron filed a Motion for Sanctions, and the district court entered an Order of Dismissal with Prejudice.[1] The Oroscos apparently knew nothing of the discovery efforts, and only learned about the situation when their case was dismissed. They engaged other counsel who filed a Motion for Relief from Order of Dismissal with Prejudice, invoking the provisions of W.R.C.P. 60(b). After receiving memoranda from counsel and conducting a hearing, the district court entered an Order Denying Plaintiffs' Motion for Relief from Order of Dismissal with Prejudice. We have scrutinized the record, seeking some premise that would persuade this Court that the district court committed an abuse of discretion, but we have found none. The Order Denying Plaintiffs' Motion for Relief from Order of Dismissal with Prejudice is affirmed.

The Brief of Appellant, filed on behalf of the Oroscos, states the issue in this way:

I. Did the District Court abuse its discretion by refusing to grant Plaintiffs' Rule 60(b) motion to set aside the dismissal with prejudice of their personal injury action despite undisputed evidence that Plaintiffs' attorney suffered from a disorder which caused him to neglect their case and ignore court orders without knowledge or fault of Plaintiffs.

The Appellee Brief, filed for Schabron, frames the issue as:

After the trial judge dismissed the case for failure to obey discovery orders, the Plaintiffs/Appellants moved for relief from the dismissal under Rule 60(b)(6), based on their chosen attorney's undiagnosed emotional incapacity to fulfill his obligations to the Court and the parties. They presented their attorney's unsupported, self-serving, inconsistent affidavit to support their claim of incapacity. Did the Court abuse its discretion when it refused to grant extraordinary Rule 60(b) relief on this basis?

We draw upon the facts articulated by the district court in its decision letter dated July 19, 1999. The district court reported the material facts in the following fashion:

This is a personal injury action arising out of an automobile accident on August 13, 1994. Plaintiffs apparently retained counsel [name omitted] a few months after the accident and on August 12, 1998, one day before the expiration of the Statute of Limitations, suit was filed. An Answer was duly filed and written discovery undertaken by Defendant.

A scheduling conference was conducted with the Court on January 7, 1999 with counsel present. It was noted at that time that discovery had been propounded to Plaintiffs but that no responses had been provided. Counsel for Plaintiffs was advised informally to respond to the discovery promptly. On February 3, 1999 Defendant filed a Motion to Compel. Re-

---

1. While its impact may be draconian in some instances, such as this, W.R.C.P. 37(b)(2)(C) specifically provides a sanction of dismissal in this language:

(2) Sanctions by Court in Which Action Is Pending. — If a party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

* * *

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering judgment by default against the disobedient party[.]

sponses to Defendant's Interrogatories and Requests for Production were by then more than two months overdue. The matter was set for hearing on February 19, 1999, and a Notice of Setting was sent to [counsel for plaintiffs] on February 5, 1999. Hearing was conducted as per the notice on February 19, 1999. [Counsel for plaintiffs] made no appearance on behalf of Plaintiffs.

On February 22, 1999 the Court entered its order on Defendant's Motion to Compel. The Order provided that Plaintiffs should respond to the discovery on or before March 12, 1999 and that the Court would entertain a Motion for Sanctions, including dismissal, if Plaintiffs failed to comply. A copy was duly forwarded to [counsel for plaintiffs] on the same day.

On March 17, 1999, Defendant filed a Motion for Sanctions. Plaintiffs had not complied with the Court's Order of February 22, 1999. A Notice of Service was also filed in which Plaintiffs were provided ten (10) days to object to the Defendant's request for dismissal of the action. Both documents were duly served on [counsel for plaintiffs]. No objection was forthcoming, and on April 15, 1999 the Court entered its Order dismissing Plaintiffs' Complaint with prejudice. Plaintiffs thereafter retained new counsel [new counsel for plaintiffs]. *(The Court notes that [original counsel for plaintiffs] has never asked or been permitted to withdraw as counsel of record in this matter.)*

[New counsel for plaintiffs] filed a Motion for Relief from Order of Dismissal on May 28, 1999 pursuant to Rule 60(b), W.R.C.P. In essence, Plaintiffs assert that they were unaware of any discovery problems; that they had not been asked to provide any discovery materials by [original counsel for plaintiffs]; that [original counsel for plaintiffs] had repeatedly advised them that the case was proceeding normally; and that they were unaware that the case might be dismissed until after the fact. Also included with the Motion was an Affidavit by [original counsel for plaintiffs] in which he asserts that, in effect, he suffers from an undiagnosed physical malady which makes it difficult or impossible for him to comply with "strict guidelines." He apparently never advised Plaintiffs of his condition, suggested they retain other counsel or advised them of pending discovery or motions. Defendant asserts that none of this is his fault; that Plaintiffs failed to comply with the orders of the Court and the Rules of Civil Procedure; and that the case was dismissed only after repeated warnings and opportunities to comply. They assert Plaintiffs' remedy now lies against [original counsel for plaintiffs], not Defendant.

The Oroscos appealed from the Order Denying Plaintiffs' Motion for Relief from Order of Dismissal with Prejudice, which they described as the final judgment of the district court. Clearly, the Oroscos recognized that the time for appeal from the Order of Dismissal with Prejudice expired on May 16, 1999, and no appropriate motion was filed that would toll the thirty day period for filing the notice of appeal. W.R.A.P. 2.01 and 2.02.

In pertinent part, W.R.C.P. 60(b) provides:

On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (6) any other reason justifying relief from the operation of the judgment.

We have stated, with respect to our review of a denial of a motion submitted pursuant to W.R.C.P. 60(b):

We review the ruling of a trial court on motions presented pursuant to Wyo. R. Civ. P. 60(b)(1) and (6) only for an abuse of discretion. *Vanasse [v. Ramsay]*, 847 P.2d [993] at 996 [ (Wyo.1993) ]; *Carlson v. Carlson,* 836 P.2d 297, 301 (Wyo.1992); *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* 664 P.2d 121, 126–27 (Wyo.1983). Essentially the resolution of such motions is left to the sound discretion of the trial court, as defined in *Martin v. State,* 720 P.2d 894, 897 (Wyo.1986):

"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it

means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously."

*Lee v. Sage Creek Refining Co.,* 947 P.2d 791, 793 (Wyo.1997). We have recognized that in order to be entitled to relief under W.R.C.P. 60(b), the party seeking relief must demonstrate (1) a lack of culpable conduct; (2) a meritorious claim; and (3) a lack of prejudice to the appellee. *Vanasse v. Ramsay,* 847 P.2d 993, 998 (Wyo.1993) (quoting *Carlson v. Carlson,* 836 P.2d 297, 301–02 (Wyo.1992)). It is clear from the tenor of the decision letter from the district judge that he was aware of the equitable concerns surrounding the matter before the court, and that the district judge had carefully considered the law.

The Oroscos contend that they have demonstrated all three of the Vanasse factors. They assert that there was no culpable conduct relating to the failure to respond to Schabron's discovery requests because the lack of diligence on the part of their attorney was attributable to severe personal, physical and psychological problems. They also point out that the attorney did not inform them of the discovery requests or the Motion to Compel, misled them, and assured them that their case was progressing in an appropriate manner. They contend that the circumstances clearly demonstrate a meritorious claim, and that there is no demonstration of any prejudice to Schabron.

Schabron asserts that the Oroscos have not satisfied any of the Vanasse factors. He contends that the affidavit from the original attorney is insufficient to support a claim of incapacity, and that the Oroscos must assume responsibility for the action, or inaction, of the attorney whom they chose as their agent.

■ The district court correctly ruled that Wyoming requires the demonstration of an exceptional circumstance specified in W.R.C.P. 60(b) in order to have a judgment vacated. *Sanford v. Arjay Oil Co.,* 686 P.2d 566, 570 (Wyo.1984). The district court considered the prospect for relief under W.R.C.P. 60(b)(1) because of mistake, inadvertence, surprise or excusable neglect, and denied relief after considering all of the cir-

cumstances and the policy of holding clients accountable for the acts and omissions of their attorneys *(Link v. Wabash R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). In *Link,* the Supreme Court of the United States stated, "[p]etitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link,* 370 U.S. at 633–34, 82 S.Ct. 1386. This Court has recognized that the relationship between an attorney and a client is that of principal and agent. *Stricker v. Frauendienst,* 669 P.2d 520, 522 (Wyo.1983). After reviewing the circumstances, the district court correctly ruled that the Oroscos had not demonstrated any excusable neglect, nor mistake, inadvertence or surprise.

■ This Court has recognized that, "[r]elief is available under Rule 60(b)(6) when the personal problems or psychological disorders of an attorney cause him to neglect a case to the extent that a default or summary judgment is entered against the unsuspecting client." *Sanford,* 686 P.2d at 571. The year after Sanford was decided, we were represented with an analogous problem in *Hochhalter v. Great Western Enterprises, Inc.,* 708 P.2d 666 (Wyo.1985). In that case, Hochhalter requested relief from a default judgment under W.R.C.P. 60(b), alleging that the negligence of his attorney was due to personal and psychological problems. *Hochhalter,* 708 P.2d at 668. Hochhalter filed, in support of this claim, his affidavit in which he stated that the attorney had separated from his wife and relocated his practice. *Id.* at 669. We held that "bare statements are insufficient to justify relief under Rule 60(b)(6), and we cannot hold that refusing to grant relief under the rule in reliance upon this scanty evidence is sufficient to constitute an abuse of discretion by the trial court." *Hochhalter,* 708 P.2d at 669. We continued by ruling that the gross negligence of counsel was not sufficient to support a claim under W.R.C.P. 60(b), and stated:

"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.

Petitioner voluntarily chose this attorney as his representative in the action, and. he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' * * * "

*Hochhalter*, 708 P.2d at 670 (quoting *Link*, 370 U.S. at 633–34, 82 S.Ct. 1386).

The Oroscos argue, in an attempt to distinguish the facts in this case from Hochhalter, that Hochhalter had only his own affidavit for support, while they have submitted the affidavit of their attorney. The district court when presented with the same argument, identified the issue as being whether the statements of the attorney in his affidavit provided sufficient evidence to justify granting the W.R.C.P. 60(b)(6) motion. The district judge noted that the affidavit recited an undiagnosed physical/psychological condition and did not furnish the names of any treating physicians, psychiatrists, psychologists, or letters or affidavits from them. The district judge pointed out that the affidavit did not state what medication had been prescribed and offered no prognosis. The district judge treated that affidavit as simply a form of bare assertion like that propounded in Hochhalter. The district court gave careful consideration to the specific problem, and we discern no abuse of discretion in the ruling made that the affidavit by the attorney was no more adequate than the affidavit of the party in Hochhalter.

We hold that the record presented by the Oroscos is not sufficient to demonstrate the absence of culpable conduct on their part. Clearly, the attorney was responsible for the circumstances that resulted in the Order of Dismissal with Prejudice, but we also have ruled that parties are bound by the conduct of their agents under such circumstances. The result is that the Oroscos must be held accountable for the attorney's actions or his failure to act. They are unable to satisfy the first element of the test articulated in Vanasse, and the failure to satisfy any of those elements forecloses reliance upon W.R.C.P. 60(b). The denial of relief under these circumstances cannot be said to constitute an abuse of discretion by the district court.

The Order Denying Plaintiffs' Motion for Relief from Order of Dismissal with Prejudice is affirmed.