2011 WY 61

STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellant (Respondent),

v.

Robert C. CARSON, Appellee (Plaintiff).

No. S–10–0156.

Supreme Court of Wyoming.

April 12, 2011.

Representing Appellant: Bruce A. Salzburg, Attorney General; John W. Renneisen, Deputy Attorney General; James Michael Causey, Senior Assistant Attorney General.

Representing Appellee: Katherine Mead, Mead and Mead, Jackson, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶1]   Appellant, Wyoming Workers' Safety and Compensation Division (Division), appeals the district court's reversal of a decision by the Office of Administrative Hearings (OAH) denying a Motion to Reopen Claim submitted by Robert Carson.   The Division contends the district court erred in supplementing the record pursuant to W.R.A.P. 12.08 and in ordering that Mr. Carson's worker's compensation claim be reopened pursuant to W.R.C.P. 60(b).   The Division also contends the hearing examiner did not abuse her discretion in denying Mr. Carson's Motion to Reopen Claim.   We affirm the district court's decision to supplement the record, reverse the order to reopen Mr. Carson's claim, and remand to the district court with instructions to remand to the OAH for consideration of the supplemented record.

### ISSUES

[¶2]   1.   Whether the district court erred when it granted Mr. Carson's motion to supplement the record pursuant to W.R.A.P. 12.08.

2.   Whether the district court erred when it reversed the OAH's decision to deny Mr. Carson's Motion to Reopen Claim without remanding to the agency for consideration of the supplemented record.

3.   Whether the hearing examiner abused her discretion in determining that Mr. Carson's Motion to Reopen Claim should be denied.

### FACTS

[¶3]   On January 19, 2006, Mr. Carson was involved in a car accident in the Snake River Canyon between Alpine and Jackson, Wyoming.   The accident resulted in the death of Mr. Carson's passenger and severe injuries to Mr. Carson, including head injuries which affected his memory of the events leading up to the accident.   Mr. Carson was transported to a hospital in Salt Lake City and remained in a coma for over a month. While Mr. Carson was still in a coma, his wife submitted a Wyoming Report of Injury form to the Workers' Safety and Compensation Division indicating that he had experienced a work-related injury as a result of the accident on January 19, 2006, while in the course of his employment with Metrocities Mortgage, LLC (Metrocities).   On February 28, 2006, the Division issued a final determination denying worker's compensation benefits to Mr. Carson.   The final determination stated several reasons for the decision to deny benefits, including the fact that Mr. Carson's injury did not meet the definition of "injury" under the Wyoming Worker's Compensation Act because he had not proven that the injury arose out of and in the course of his employment with Metrocities.

[¶4]   Metrocities objected to the Division's final determination and requested a contested case hearing before the OAH. During the time that Mr. Carson's worker's compensation claim was pending before the OAH, however, a wrongful death action was filed against Mr. Carson in federal district court by his passenger's widow.   This action alleged that Metrocities was vicariously liable for Mr. Carson's negligence due to the fact that Mr. Carson was acting within the course

and scope of his employment with Metrocities at the time of the accident. Metrocities withdrew its objection to the Division's final determination in the worker's compensation case.

[¶ 5] At the contested case hearing in the worker's compensation case, Metrocities argued that Mr. Carson's claim should be denied. Based on the deposition testimony of Shane Gunderson and other information learned after the accident, Mr. Carson claimed he was traveling to Jackson to refinance a house for Mr. Gunderson and Patricia Reynolds. Mr. Gunderson's deposition was introduced at the hearing but Ms. Reynolds' deposition was not taken and she did not testify. On September 26, 2007, the OAH issued an order upholding the Division's decision to deny benefits, finding that Mr. Carson had failed to establish that his injury arose out of and in the course of his employment with Metrocities. The hearing examiner noted that Mr. Gunderson's deposition testimony was not credible and that there was no evidence to establish any other connection between Mr. Carson's trip to Jackson and his employment with Metrocities. Mr. Carson did not appeal the OAH's decision.

[¶ 6] In May of 2008, approximately eight months after the decision by the OAH upholding the denial of worker's compensation benefits to Mr. Carson, the jury sitting in federal court found that Mr. Carson was acting within the course and scope of his employment with Metrocities at the time of the accident. Mr. Carson subsequently filed a motion to reopen his worker's compensation claim under W.R.C.P. 60. Rule 60(b)(2) states that a court may relieve a party from a final judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Mr. Carson argued that the judgment entered in federal court and the testimony of Ms. Reynolds constituted newly discovered evidence under W.R.C.P. 60(b)(2) that warranted relief from the order upholding the Division's final determination. He submitted a copy of the federal jury verdict form with his motion, but did not provide copies of transcripts or other evidence from the federal court proceedings. Mr. Carson also argued that judicial estoppel should operate to prevent Metrocities from opposing his worker's compensation claim after having initially assisted him in filing the claim.

[¶ 7] Mr. Carson's motion was assigned to the same hearing examiner who had previously issued the order upholding the Division's decision to deny benefits. Neither the Division nor Metrocities responded to Mr. Carson's motion. No hearing on the motion was held. On October 29, 2008, the hearing examiner issued an Order Denying Motion to Reopen, finding that Mr. Carson did not provide an explanation, aside from noting his memory loss prior to and after the accident, as to when or how Ms. Reynolds' testimony was discovered or why it could not previously have been discovered.

[¶ 8] Mr. Carson appealed the hearing examiner's decision to district court and filed a motion to supplement the record pursuant to W.R.A.P. 12.08. The district court granted Mr. Carson's motion and supplemented the record with (1) the deposition and federal trial testimony of Ms. Reynolds, (2) the federal trial testimony of two Metrocities employees, and (3) a subscription agreement between Metrocities and Salt River Financial, a company affiliated with Metrocities that also employed Mr. Carson. The district court reviewed this evidence and determined that Mr. Carson's case should be reopened, noting that the hearing examiner denied the motion to reopen without receiving any response from Metrocities or the Division. The district court concluded as follows:

> Rule 60 is remedial and should be liberally construed. There was new evidence which by due diligence could not have been discovered prior to Car[s]on's Workers' Compensation case. The testimony of Trisha Reynolds, the new evidence, was discovered during the federal case. Rule 60(b) is applicable and the requirements are met. IT IS ORDERED that this matter is hereby reversed and rema[nd]ed to the Office of Administrative Hearings to reopen Carson's claim.

The Division appealed the district court's decision to this Court.

## DISCUSSION

[¶ 9] The Division contends the district court erred in supplementing the record pursuant to W.R.A.P. 12.08. It further argues that the district court compounded this error by failing to remand the case to the OAH to consider the supplemented record. Finally, the Division argues that the district court erred in reversing the hearing examiner's decision to deny Mr. Carson's Motion to Reopen Claim under W.R.C.P. 60(b).

[¶ 10] W.R.A.P. 12.08 governs a reviewing court's ability to supplement the record in an appeal from an administrative agency decision. The rule allows additional evidence to be presented on appeal from an administrative decision when (1) that evidence is material and (2) there is good cause for the failure to present it in the proceeding before the agency. W.R.A.P. 12.08 states, in its entirety, as follows:

> If, before the date set for hearing, application is made to the reviewing court for leave to present additional evidence, and it is shown to the satisfaction of the court the additional evidence is material, and good cause for failure to present it in the proceeding before the agency existed, the reviewing court, in contested cases, shall order the additional evidence to be taken before the agency upon those conditions determined by the reviewing court. The agency may adhere to, or modify, its findings and decision after receiving such additional evidence, and shall supplement the record to reflect the proceedings had and the decision made. Supplemental evidence may be taken by the reviewing court in cases involving fraud, or involving misconduct of some person engaged in the administration of the law affecting the decision. In all cases other than contested cases, additional material evidence may be presented to the reviewing court.

[¶ 11] We review a decision to supplement the record pursuant to W.R.A.P. 12.08 for an abuse of discretion. *In re Worker's Compensation Claim of Shryack*, 3 P.3d 850, 856 (Wyo.2000). With regard to W.R.A.P. 12.08, we have stated that "[a]lthough the rule mandates the acceptance of new evidence if the requirements are met,

the reviewing court has 'broad discretion in determining whether there is good cause for the failure to present the evidence before the agency.'" *Id.* (quoting *Frank v. State By & Through the Wyoming Bd. of Dental Exam'rs,* 965 P.2d 674, 680 (Wyo.1998)).

[¶ 12] The Division contends the district court erred in supplementing the record because the materiality and good cause requirements of W.R.A.P. 12.08 were not established. It argues that the district court did not specifically find the evidence to be material and did not note any good cause which may have existed to justify supplementation of the record. Based on the district court's broad discretion in determining whether to supplement the record in an appeal from an administrative decision, and the interest in flexibility of supplementation processes on appeal from administrative proceedings, we find that the district court did not abuse its discretion in supplementing the record pursuant to W.R.A.P. 12.08.

[¶ 13] First, we have no difficulty determining that the supplemented evidence, which included the testimony of Ms. Reynolds and two Metrocities employees, was material to Mr. Carson's motion to reopen his worker's compensation claim. "Material evidence is such evidence as is offered to help prove a proposition which is a matter in issue." *In re Harris,* 900 P.2d 1163, 1166 (Wyo.1995) (citing 1 John William Strong, *McCormick on Evidence* § 185 (4th ed. 1992)). The Division does not seriously contend that the evidence was not material. Rather, it seems to acknowledge that the evidence was material in its brief when it states "the materials in question were clearly part of the federal civil litigation, which was at the heart of Carson's Motion to Reopen Claim." Indeed, the federal trial testimony of Ms. Reynolds and the Metrocities employees, and the subscription agreement between Metrocities and Salt River Financial, were offered to help prove that Mr. Carson's injury arose out of the course of his employment with Metrocities at the time of his accident, an issue that was central to Mr. Carson's claim for worker's compensation benefits. The supplemented evidence reveals that Ms.

Reynolds, not Mr. Gunderson, was the owner of the property which Mr. Carson alleges was the subject of his meeting in Jackson on the date of his accident. Ms. Reynolds testified in the federal proceedings that she was aware that she had an appointment with Mr. Carson at her store in Jackson on the morning of his accident and that the appointment was to discuss refinancing on her home in Alpine. The supplemented evidence was material to the question of whether Mr. Carson experienced an "injury" in the course and scope of his employment.

[¶ 14] Second, we find the district court did not abuse its discretion in determining that good cause existed to justify supplementation of the record. We note initially that we have previously recognized that flexibility in supplementation of the record on appeal from administrative decisions is desirable. In *Louisiana Land & Exploration Co. v. Wyoming Oil & Gas Conservation Comm'n,* 809 P.2d 775 (Wyo.1991) we contrasted the requirements of W.R.A.P. 12.08 and W.R.C.P. 60 and noted that supplementation processes in an appeal from an administrative decision under W.R.A.P. 12.08 should be more flexible than in appeals from a judgment rendered at trial:

> In order to clarify the status of the law, it is first necessary to identify the argument from submitted briefing and recognize that the good cause inquiry in W.R.A.P. 12.08 is quite dissimilar from the motion for new trial/good cause shown concept of W.R.C.P. 59 and 60 and W.R.Cr.P. 34. Administrative agency proceedings should be less formalized and more flexible than courtroom trials. Inflexibility of supplementation processes in appropriate cases would require extended pre-hearing discovery which would introduce delay and decisional deterrents inappropriate for administrative agency review.

*Id.* at 782. We have also expressed a policy in favor of full development of the record in administrative proceedings. In *Board of County Comm'rs v. Teton County Youth Servs.,* 652 P.2d 400 (Wyo.1982) we noted that

> A basic purpose of the [Wyoming Administrative Procedure Act] is to assure that the

controverted issues underlying such a proceeding ... will be fully developed and supported on the record by material and substantial evidence and upon which the agency, as the finder of fact, must adjudicate the matter. The objective, of course, is to avoid agency action upon an assumption of facts undisclosed by such evidence. Without reasonable adherence to that objective the contemplated safeguards of a direct and convenient court review, even though somewhat limited, would be frustrated.

*Id.* at 413–14 (citing *Glenn v. Board of County Comm'rs,* 440 P.2d 1, 3 (Wyo.1968)).

[¶ 15] In this case, Mr. Carson's efforts to gather evidence to prove he was eligible for worker's compensation benefits were frustrated from the inception of his claim. Initially, discovery was inhibited by the fact that he was in a coma for an extended period, and later, because of memory loss resulting from his head injuries. Indeed, there is no indication in the record that Mr. Carson recovered any recollection of the events giving rise to his claim as of the time he filed his Motion to Reopen Claim and subsequently appealed to the district court. The federal trial testimony of Ms. Reynolds, however, revealed additional evidence bearing on the question of whether Mr. Carson was injured while in the course and scope of his employment with Metrocities, an issue at the heart of the Division's decision to deny benefits. After this testimony was brought out in the federal proceedings, Mr. Carson filed his Motion to Reopen Claim, arguing that the newly discovered evidence warranted relief from the OAH's order upholding the Division's final determination. Metrocities and the Division did not file a pleading opposing the motion. Rather than holding a hearing on the motion, however, the hearing examiner relied on her knowledge of the previous contested case hearing in denying Mr. Carson's request for relief:

> Carson now contends that newly discovered evidence in the form of Trish Reynolds' testimony would have verified or further explained this appointment. Carson contends that this evidence was not known to him or his attorney at the time of the

administrative hearing. He does not explain however, when or how it was discovered and why it could not have been discovered before, other than to note Carson's memory loss. Without such additional evidence however, this Hearing Officer is not persuaded that the evidence could not have been discovered earlier since this Hearing Officer is aware that Mr. Gunderson's deposition was taken and presented at the administrative hearing. It is this Hearing Officer's recollection that Mr. Gunderson discussed his girlfriend/wife's involvement in the matter and even produced some documents that were in her possession.

[¶ 16] On appeal from the OAH's decision, Mr. Carson provided further explanation, in addition to his memory loss, for his failure to depose Ms. Reynolds. In his brief to the district court, Mr. Carson attached an affidavit from his former attorney setting forth the reasons for the attorney's failure to discover the evidence. The attorney, who had relocated to North Carolina after handling Mr. Carson's initial claim, stated as follows:

I, [Appellant's former attorney], do solemnly swear under oath that [ ] the foregoing statements are true and accurate:

1. I was the attorney of record for Robert [C]. Carson for his case before [the hearing examiner] and the Office of Administrative Hearings on June 28, 2007.

2. I was present at the deposition of Shane Gunderson.

3. At all times during the deposition of Mr. Gunderson and at all times since that date I was under the belief that Mr. Gunderson was married to Trish Reynolds.

4. As such, I believed that Mr. Gunderson was speaking on behalf of he and Ms. Reynolds as a spouse during his deposition.

5. I was also under the understanding that the house refinancing that was being handled by Mr. Carson was both Mr. Gunderson's and Ms. Reynolds['].

6. I was never made aware by anyone that the actual person that was refinancing the house was Ms. Reynolds and that it was hers and not jointly owned with Mr. Gunderson.

7. Mr. Gunderson's testimony during the deposition made it appear that the house belonged to the two of them.

8. As a result, I was under the impression that when Mr. Gunderson was discussing the appointment in question during [ ] his deposition that the appointment was for he and his wife, and not just for Ms. Reynolds.

9. Also, it was my understanding that Mr. Gunderson owned Reyson Tile.

10. I was only made aware today, from [counsel for Appellant], that in fact it was Trish Reynolds that owned Reyson Tile.

11. If I had known these facts, I would have deposed Ms. Reynolds and compelled her appearance [at] the hearing.

The district court, confronted with the fact of Mr. Carson's memory loss and the affidavit from Mr. Carson's former attorney, determined that the record should be supplemented with evidence gathered during the federal proceedings. As noted above, the district court is afforded broad discretion in determining whether the good cause requirement of W.R.A.P. 12.08 has been met. In light of our deferential standard of review, the recognized preference in favor of flexibility of supplementation processes on review of administrative agency decisions, and the policy in favor of full development of the record in administrative agency proceedings, we find no abuse of discretion in the district court's decision to supplement the record.

[¶ 17] The Division next argues that the district court erred in ruling on the merits of Mr. Carson's motion to reopen his worker's compensation claim, rather than remanding the case to the OAH for consideration of the supplemented record. The Division contends that the district court's failure to return the case to the OAH for consideration of the supplemented record is contrary to the plain language of the rule. It argues that if the matter had been remanded to the OAH, the hearing examiner could have properly found that Mr. Carson still did not prove the claim should be reopened pursuant to W.R.C.P. 60(b).

[¶ 18] Mr. Carson concedes that W.R.A.P. 12.08 requires the reviewing court

to return the matter to the administrative agency to consider the supplemented record. He asserts, however, that the district court's failure to return the case to the OAH constitutes harmless error because "[r]eturning the matter to the OAH to consider the new evidence is tantamount to requiring the OAH to reopen the claim." Mr. Carson, however, has provided no authority for the proposition that we should evaluate this case under the harmless error standard identified in W.R.A.P. 9.04. Indeed, we do not agree that harmless error is the appropriate standard of review. Rather, because this issue involves the construction and interpretation of a court rule, which is a question of law, we review *de novo*. *Andersen v. Hernandez*, 2005 WY 142, ¶ 7, 122 P.3d 950, 951 (Wyo.2005).

[¶ 19] We agree with the Division and Mr. Carson that the failure to remand the case to the OAH for consideration of the supplemented evidence was error. The plain language of W.R.A.P. 12.08 requires additional evidence "to be taken before the agency," and states that "[t]he agency may adhere to, or modify, its findings and decision after receiving such additional evidence." The rule allows for the possibility that the agency will receive the supplemented record and subsequently decide to "adhere to" its findings. In any event, the rule clearly places the decision whether to alter its findings in the hands of the administrative agency. We agree with the Division that the purpose of returning the supplemented evidence to the administrative agency under W.R.A.P. 12.08 is to allow the agency to retain control over disposition of the matter and to preserve the district court as a venue for appellate review.

[¶ 20] We affirm the district court's decision to supplement the record, reverse the district court's order reopening Mr. Carson's claim, and remand to the district court with instructions to remand to the OAH to consider the supplemented record.