# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 40

**APRIL TERM, A.D. 2013**

**April 4, 2013**

IN THE MATTER OF THE WORKER'S
COMPENSATION CLAIM OF:

LANA M. TEGELER,

Appellant
(Claimant/Petitioner),

v.

No. S-12-0205

STATE OF WYOMING, ex rel., WORKERS'
SAFETY AND COMPENSATION DIVISION,

Appellee
(Respondent).

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*

*Donna D. Domonkos, Domonkos Law Office, Cheyenne, Wyoming.*

*Representing Appellee:*

*Gregory A. Phillips, Attorney General; John D. Rossetti, Deputy Attorney General; Michael J. Finn, Senior Assistant Attorney General; Kelly Roseberry, Assistant Attorney General.*

*Before KITE, C.J., HILL, BURKE, DAVIS, JJ., and GOLDEN, J., Retired.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Justice.**

[¶1]    Appellant, Lana Tegeler, challenges a decision from the Office of Administrative Hearings (OAH) denying her Motion to Reopen Case Pursuant to W.R.C.P. 60(b).  She sought review of that decision in district court and the district court affirmed.  She appealed to this Court.  We also affirm.

## ISSUE

[¶2]    Ms. Tegeler presents the following issue:

> Whether the Office of Administrative Hearing's decision to deny Ms. Tegeler's motion to reopen the case is arbitrary, capricious or otherwise not in accordance with the law.

The Division states the issue as follows:

> Did the hearing examiner abuse his discretion in denying Ms. Tegeler's motion seeking relief under W.R.C.P. 60(b)?

## FACTS

[¶3]    Ms. Tegeler injured her neck and shoulder in a work-related accident on October 18, 2008.  The Division approved Ms. Tegeler's application for temporary total disability benefits, and she received those benefits for twenty-four months.   In July, 2010, the Division received two bills from Central Wyoming Neurosurgery, LLC, in the amounts of $4,357.00 and $189.00, for an MRI and X-ray of Ms. Tegeler's lumbar spine.  The Division issued two final determinations denying payment of those medical bills, noting that "This case is only open for the left shoulder and neck injury."  Ms. Tegeler objected to the Division's final determinations, and the matter was referred to the Office of Administrative Hearings for a contested case hearing.

[¶4]    After the contested case hearing, the hearing examiner issued an order upholding the Division's denial of benefits.   The hearing examiner considered Ms. Tegeler's testimony that, two days after her accident, her low back felt like there were hot needles in it and that it was very painful to walk up stairs.  She also testified that she could not sit in a chair due to the severity of her lower back pain, and that these symptoms continued for two years.  This testimony was consistent with Ms. Tegeler's June 8, 2011 deposition testimony, but conflicted with her testimony at an earlier deposition held on December 10, 2009.  In the earlier deposition, Ms. Tegeler made no complaints of low back pain.  Additionally, the hearing examiner found that Ms. Tegeler's testimony was contradicted by evidence in the record which demonstrated that (1) she did not complain of back pain when she sought treatment at the Coalition Family Health Center four days after her

1

injury, (2) Ms. Tegeler identified only her neck and shoulder as injured body parts on her Report of Injury form, (3) Ms. Tegeler saw her treating physician six times between November 20, 2008 and April 22, 2010, but never presented any complaints of back pain, and (4) Ms. Tegeler's first report of back pain was not made until June 3, 2010. In light of this evidence, the hearing examiner concluded that Ms. Tegeler's testimony regarding her lower back symptoms was inconsistent and that there was no evidence to corroborate her testimony that she had reported back pain to her treating physician following her workplace accident.

[¶5]    Ms. Tegeler appealed the OAH's decision to the district court. While on review in the district court, Ms. Tegeler's appellate counsel discovered documentation of a physical therapy session held approximately one month after Ms. Tegeler's workplace accident.[1] That record indicated that she was experiencing pain "in the middle and center of her back" and an "annoyance in her back." She filed a motion in district court to supplement the record with the physical therapy record. That motion was denied. Ms. Tegeler then voluntarily dismissed her appeal.

[¶6]    On February 7, 2012, Ms. Tegeler initiated the present action by filing a Rule 60(b) motion for relief from final judgment in the Office of Administrative Hearings based on the physical therapy record. She claimed that the medical record contradicted the OAH's finding that there was no corroborating evidence to support Ms. Tegeler's testimony at the contested case hearing. Ms. Tegeler asserted that "considering the relevancy of the medical notes, its absence in the record on appeal must mean it was a mistake or inadvertently overlooked by Claimant's hearing counsel."

[¶7]    The OAH denied Ms. Tegeler's Rule 60(b) motion, reasoning as follows:

> 2. The Wyoming Supreme Court has held that in order to be entitled to relief under W.R.C.P. 60(b), the party seeking relief must demonstrate (1) a lack of prejudice to the appellee; (2) a meritorious defense; and (3) a lack of culpable conduct. *Vanasse v. Ramsay*, 847 P.2d 993, 998 (Wyo. 1993), *quoting Carlson v. Carlson*, 836 P.2d 297, 301-306 (Wyo. 1992). Mistake of counsel is not sufficient to establish the lack of culpable conduct necessary. *Orosco v. Schabron*, 9 P.3d 264, 268 (Wyo. 2000).

Ms. Tegeler appealed the denial of her motion, and the district court affirmed the OAH's decision. Ms. Tegeler filed a timely appeal from the district court's order.

---

[1] Ms. Tegeler was represented by different counsel at trial.

## *STANDARD OF REVIEW*

[¶8]   Pursuant to the Wyoming Administrative Procedure Act, a reviewing court shall "Hold unlawful and set aside agency action, findings and conclusions found to be: (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." Wyo. Stat. Ann. § 16-3-114(c)(ii)(A) (LexisNexis 2011).  We review the denial of a Rule 60(b) motion for an abuse of discretion:

> Review of a court's decision on a Rule 60(b) motion is confined to a determination of whether the court abused its discretion, and it is the movant's burden to bring his cause within the claimed grounds of relief and to substantiate these claims with adequate proof. We will reverse an order denying relief under Rule 60(b) only if the trial court clearly was wrong.

*In re Injury to Seevers*, 720 P.2d 899, 901 (Wyo. 1986); *Vanasse v. Ramsay*, 847 P.2d 993, 996 (Wyo. 1993).

## *DISCUSSION*

[¶9]   In her motion for relief from the OAH's final judgment, Ms. Tegeler claimed that the failure to produce evidence corroborating her complaints of lower-back pain constituted "mistake" or "inadvertence," justifying relief under W.R.C.P. 60(b)(1).  That rule provides, in part, as follows:

> **Rule 60. Relief from judgment or order.**
>
> . . .
>
> (b) *Other reasons.* – On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no

3

longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

On appeal, Ms. Tegeler renews her claim that relief is warranted under Rule 60(b) because the physical therapy record indicating that she experienced back pain following her workplace accident "was either mistakenly overlooked or inadvertently not relied upon by trial counsel." However, eschewing our standard of review with respect to a decision on a Rule 60(b) motion, she does not attempt to argue that the hearing examiner abused his discretion. Rather, she contends that the OAH's decision denying relief was "arbitrary, capricious or otherwise not in accordance with the law" because it did not recognize the policy in favor of full development of the record in administrative proceedings.

[¶10] Ms. Tegeler is correct that we have expressed a policy in favor of flexibility of supplementation processes and full development of the record in administrative proceedings. *See, e.g., State ex rel. Wyo. Workers' Safety & Comp. Div. v. Carson*, 2011 WY 61, ¶ 16, 252 P.3d 929, 934 (Wyo. 2011). However, those objectives are properly effectuated under the procedures set forth in W.R.A.P. 12.08, which provides that an administrative record may be supplemented upon a showing of materiality and good cause for failure to present the evidence before the administrative agency. Ms. Tegeler did not appeal the district court's denial of her motion to supplement the record. Instead, she sought relief from the OAH's final judgment under the grounds provided in Rule 60(b)(1). In this procedural context, the policy in favor of full development of the record must yield to the policy favoring finality of judgments, as expressed in our precedent relating to the application of Rule 60(b). *See, e.g., Carson v. Wyoming State Penitentiary*, 735 P.2d 424 (Wyo. 1987); *McBride v. McBride*, 598 P.2d 814 (Wyo. 1979) (noting that a trial court should consider the principle of finality of judgments in exercising its discretion to grant relief under Rule 60(b)).

[¶11] With regard to motions for relief from a final judgment under Rule 60(b), we have stated that the Rule "is not to be used as a substitute for appeal. The rule is applicable only to special situations justifying extraordinary relief, and a showing of exceptional circumstances must be made." *Paul v. Paul*, 631 P.2d 1060, 1066 (Wyo. 1981) (citations omitted); *see also Hochhalter v. Great W. Enters.*, 708 P.2d 666, 670 (Wyo. 1985) ("[A] litigant is not necessarily entitled to relief under Rule 60(b)(6) solely because his counsel was grossly negligent. To hold otherwise would be inconsistent with holding each party 'bound by the acts of his lawyer-agent.'") (quoting *Link v. Wabash Railroad Company*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)). In the present case, Ms. Tegeler provided no evidence to support her claim that the failure to introduce the physical therapy record in question was caused by "mistake" or "inadvertence" on the part of her trial counsel. She attached the physical therapy record to her Rule 60(b) motion, but did not provide any additional information as to why the medical record was

not presented. Ms. Tegeler did not obtain any statement from her trial counsel indicating that the failure to introduce the medical record at the contested case hearing was a mistake, as opposed to a deliberate strategic decision. Further, the significance of the medical record to Ms. Tegeler's claim for benefits relating to her low back is not immediately apparent given that the medical record indicated that Ms. Tegeler experienced pain or an annoyance "in the middle and center of her back." In light of these deficits in the record, we find no abuse of discretion in the OAH's decision denying Ms. Tegeler's motion.

[¶12] Affirmed.